UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 1:18-cv-24407-UU**

Marcelo Pena, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

John C. Heath, Attorney at Law, PLLC,
d/b/a Lexington Law Firm

        Defendant.

                                  /

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between and among the following parties, by and through their respective counsel: Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham ("Plaintiffs" or "Class Representatives"), on behalf of themselves and the Settlement Classes, and Defendant John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm ("Defendant" or "Lexington"). Plaintiffs and Defendant will sometimes be referred to together as the "Parties," or, individually, as a "Party".

WHEREAS, on April 8, 2019, Plaintiffs filed an Amended Class Action Complaint in the Southern District of Florida entitled *Pena, et al. v. John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm*, No. 18-24407-CIV-UNGARO (S.D. Fla.) (the "Action"). The Amended Class Action Complaint resulted from the consolidation of five separate putative Class Action Complaints (the "Complaints") filed by Plaintiffs on behalf of themselves and putative classes in the actions entitled *James Lebowitz v. John C. Heath, Attorney at Law PLLC d/b/a Lexington Law*

1

*Firm*, U.S.D.C. District of New Jersey, No. 3:18-cv-8552-FLW-DEA; *Frank Eisenband v. John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. District of New Jersey, Case No. 3:17-cv-03404-FLW-DEA; *Joshua Elser v. John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. Middle District of Florida, Case No. 5:17-cv-00326-BJD-PRL; *Cunningham v. Lexington Law Firm*, U.S.D.C. District of Utah, Case No. 1:17-cv-00087; *Marcelo Pena v. John C. Heath Attorney at Law, PLLC d/b/a Lexington Law Firm*, U.S.D.C. Southern District of Florida, Case No. 18-cv-24407-UU (the "Actions"), which assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA");

WHEREAS, Plaintiffs allege that they and members of the classes received autodialed calls and text messages from Defendant without prior express consent or express written consent, which allegedly harmed them and the classes (the "Allegations");

WHEREAS, Plaintiffs allege that, as a result of the Allegations, they and other similarly situated individuals are entitled to declaratory and injunctive relief, statutory damages, attorneys' fees, and costs;

WHEREAS, on November 13, 2017, with the assistance of mediator Hunter Hughes of Seyfarth Shaw LLP, the Parties and their counsel met in Atlanta, Georgia and engaged in intensive arm's-length negotiations and an all-day mediation in an attempt to resolve the Actions with a view toward achieving substantial benefits for the Settlement Classes as a whole, while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate practice;

WHEREAS, on December 1, 2017, again with the assistance of mediator Hunter Hughes of Seyfarth Shaw LLP, the Parties and their counsel met in Atlanta, Georgia and engaged in intensive arm's-length negotiations and an all-day mediation in a further attempt to resolve the

Actions with a view toward achieving substantial benefits for the Settlement Classes as a whole, while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate practice;

WHEREAS, on December 14, 2018, with the assistance of Hon. Jay C. Gandhi of JAMS, the Parties and their counsel met in Los Angeles, California and engaged in intensive arm's-length negotiations and an all-day mediation in a further attempt to resolve the Actions, which resulted in further discussions wherein the Parties did reach an agreement in principle to resolve the Actions;

WHEREAS, for settlement purposes only, Plaintiffs request that the Court certify the Settlement Classes and appoint them as Class Representatives and their lawyers— Kazerouni Law Group, APC, Hyde & Swigart, DeNittis Osefchen Prince, P.C., Law Offices of Todd M. Friedman, P.C., Hiraldo P.A., Shamis & Gentile, P.A., and/or Edelsberg Law —as Class Counsel in this case;

WHEREAS, based on their investigation and discovery in the Actions and the experience of Class Counsel, Plaintiffs and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to, and in the best interest of, the Settlement Classes;

WHEREAS, Plaintiffs, on behalf of themselves and as the representatives of the Settlement Classes, and Defendant desire to resolve the dispute between them;

WHEREAS, Plaintiffs, on behalf of themselves and as the representatives of the Settlement Classes, and Defendant will execute this Agreement solely to compromise and settle protracted, complicated, and expensive litigation; and

WHEREAS, Defendant denies any and all liability or wrongdoing to the Class Representatives and to the Settlement Classes. Nonetheless, Defendant has concluded that further litigation would be protracted and expensive, has taken into account the uncertainty and risks

3

inherent in the Actions, and has determined that it is desirable that the Actions and the Allegations be fully, completely, and finally settled in the manner and on the terms set forth herein.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree that the Actions shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions in this Agreement, and without costs (except as provided herein), subject to Court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

## I.   DEFINITIONS

In addition to the terms defined above and at other places in this Agreement, the following defined terms have the meaning set forth below:

A.     "Administrator" means KCC Claims Administration ("KCC"), which, subject to Court approval, shall be responsible for administrative tasks, which may include, without limitation: (a) arranging for distribution of the Class Notice and Claim Form to Settlement Class Members; (b) making any mailings to Settlement Class Members required under this Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing the Settlement Website; (e) receiving and processing Settlement Claims Forms and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementing and administrating this Agreement, subject in all cases to approval by Class Counsel and Counsel for Defendant. Class Counsel and Counsel for Defendant may, by agreement, substitute a different entity as Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different entity as Administrator on a showing of good cause.

4

B.    "Agreement" means this Settlement Agreement and Release and all attachments and exhibits hereto.

C.    "Attorneys' Fees and Expenses" means the total recovery that may be awarded to Class Counsel to compensate them (and all other attorneys for Plaintiffs or the Settlement Classes) for all attorneys' fees, costs, and adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, and document review and production costs) incurred by Plaintiffs or Class Counsel in connection with the Actions.

D.    "Claim" means a request for a Claim Settlement Payment submitted by a Settlement Class Member to the Administrator.

E.    "Claim Deadline" means the last date by which a Claim submitted to the Administrator by a Settlement Class Member for a Claim Settlement Payment must be postmarked or filed through the Settlement Website, which shall occur no later than fifteen (15) days after the Final Approval Hearing. All Claims postmarked or filed through the Settlement Website on or before the Claim Deadline shall be timely, and all Claims postmarked or filed through the Settlement Website after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Payment.

F.    "Claim Form" means the form attached as **<u>Exhibit 1</u>** to this Agreement and/or as ultimately approved by the Court.

G.    "Claim Settlement Check" means the check containing the Claim Settlement Payment for each Settlement Class Member who submits a valid and timely Claim.

H.      "Claim Settlement Payment" means the payment to be made to a Settlement Class Member who submits a valid and timely Claim Form to the Administrator, and who qualifies for such relief under this Agreement.

I.      "Class Counsel" means: (a) Abbas Kazerounian, Kazerouni Law Group, APC, 245 Fischer Ave Suite D1, Costa Mesa, CA 92626; (b) Joshua B. Swigart, Hyde & Swigart, 2221 Camino del Rio S #101, San Diego, CA 92108; (c) DeNittis Osefchen Prince, P.C., 525 Route 73 North, Suite 410, Marlton, NJ 08053; (d) Law Offices of Todd M. Friedman, P.C., 324 S Beverly Blvd, Suite 725, Beverly Hills, CA 90212; (e) Manuel S. Hiraldo, Hiraldo P.A., 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301; (f) Andrew J. Shamis, Shamis and Gentile, P.A., 14 NE 1st Avenue, Suite 400, Miami, Florida 33132; and (g) Scott A. Edelsberg, Esq., Edelsberg Law, PA, 19495 Biscayne Boulevard #607, Aventura, Florida 33180.

J.      "Class Notice" means the program of notice described in Section IV(B) of this Agreement to be provided to Settlement Class Members, which will notify Settlement Class Members about the details of the Settlement.

K.      "Class Notice Date" means the last date on which Class Notice can be disseminated, which shall be set by the Court in the Preliminary Approval Order as approximately sixty (60) days after entry of the Preliminary Approval Order.

L.      "Class Period" means the time period from July 12, 2013, through the date of the entry of an order of preliminary approval by the Court.

M.      "Confidential Information" means proprietary or commercially sensitive information or personal information subject to state and federal privacy laws that the Parties agree to protect in this Agreement from disclosure and dissemination to the public or any third-party or entity other than the Administrator.

6

N.    "Counsel for Lexington" or "Counsel for Defendant" means: Chad Fuller, Troutman Sanders LLP, 11682 El Camino Real, Suite 400, San Diego, California, 92130.

O.    "Court" means the U.S. District Court for the Southern District of Florida.

P.    "Days" means calendar days, except that, when computing any period of time under this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time under this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Q.    "Effective Date" means five days after the last of the following dates: (i) the entry of a Final Approval Order by the Court (the "Final Approval Order"); and (ii) the final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appeals period.

R.    "E-mail Notice" means the notice that is sent by e-mail by the Administrator to Settlement Class Members, in substantially the form attached as **Exhibit 2** to this Agreement.

S.    "Final Approval Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement in accordance with class action procedures and requirements; and (ii) entering the Final Approval Order.

T.    "Final" or "Finally Approved" or "Final Approval" of this Agreement means the determination by the Court that this Agreement is fair, adequate, and reasonable and the entry of the Final Approval Order.

U.      "Final Approval Order" means the order and judgment to be entered by the Court, substantially in the form attached hereto as **Exhibit 4**, approving this Agreement as fair, adequate, and reasonable and in the best interests of the Settlement Classes as a whole in accordance with the Federal Rules of Civil Procedure, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, including granting Final Approval to the Settlement and ruling on Class Counsel's application for attorneys' fees and expenses and the Service Awards for the Class Representatives. If the Court enters separate orders addressing the matters constituting the matters set forth in this paragraph, then the Final Approval Order includes all such orders.

V.      "Long-Form Notice" means the notice that is made available on the Settlement Website and upon request from the Administrator, in substantially the form attached as **Exhibit 3** to this Agreement.

W.      "Mail Notice" means the postcard individual notice that is mailed by the Administrator to Settlement Class Members, in substantially the form attached as **Exhibit 5** to this Agreement.

X.      "Notice and Administrative Costs" means the reasonable costs and expenses authorized by the Court and approved by Class Counsel and Counsel for Lexington of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with determining mailing addresses for Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments.

8

Y.      "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement to be able to object to the Settlement. The Objection Deadline shall be no later than 30 days before the Final Approval Hearing.

Z.      "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with Class Counsel (or the Administrator) for a Settlement Class Member to be excluded from the Settlement Classes. The Opt-Out Deadline shall be no later than 30 days before the Final Approval Hearing.

AA.     "Preliminary Approval Order" means an order to be entered by the Court certifying the Settlement Classes and granting preliminary approval to the Settlement, substantially in the form attached hereto as **Exhibit 6**.

BB.     "Released Claims" means any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees, costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Classes may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been asserted in the Complaints, the Actions, or that relate to or arise from the Allegations, including, but not limited to, any and all claims under the TCPA or any related state analogue.

CC.     "Released Parties" means Lexington, and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, independent

contractors and/or predecessors in interest and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns; and (2) Progrexion ASG, Inc., Progrexion Teleservices, Inc., Progrexion Marketing, Inc. and each and all of their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, independent contractors and/or predecessors in interest and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns.

DD. "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Classes.

EE. "Service Award(s)" means any approved payment to the Class Representatives.

FF. "Settlement" means the settlement set forth in this Agreement.

GG. "Settlement Classes" means all members of the class of persons in the Actions that will be certified by the Court for settlement purposes as follows:

Settlement Class No. 1: All persons in the United States : (1) who received a telephone call and/or text message from July 12, 2013 to the date of preliminary approval based on information gathered by one or more of the following third-party lead generators - RTK Media, Inc., Capital Leads, LLC, Fluent, LLC, and Credit Sesame, and (2) the telephone call or text message in (1) resulted in a telephone conversation with a representative of Lexington or a text message that referenced "Lexington Law."

Settlement Class No. 2: All persons in the United States: (1) who had a telephone conversation with a representative of Lexington, from July 12, 2013 to the date of preliminary approval, wherein the Lexington representative obtained a copy of such person's credit report, (2) who did not sign up for Lexington's credit repair services on that phone call, and (3) who did not opt-out of receiving text messages from Lexington.

HH. "Settlement Class Claimant" means any Settlement Class Member who submits a Claim in accordance with this Agreement.

II.     "Settlement Class Data" means data relating to approximately 1,861,929 persons who, according to Lexington's records, may be Settlement Class Members. The Settlement Class Data shall be treated as Confidential Information.

JJ.     "Settlement Class Member(s)" means any member of the Settlement Classes.

KK.     "Settlement Class Payment List" means a report created by the Administrator that provides the relevant metrics related to the Claims process in Section IV(C), including the number of all Settlement Class Members who filed a Claim; the number of claims that were accepted; the number of claims that were rejected; and the total amount of Claim Settlement Payments to be made.

LL.     "Settlement Award" means the total aggregate Class Benefit amount that Lexington has agreed that it or its insurer will make available—which shall not exceed Eleven Million Four Hundred Fifty Thousand Eight Hundred Sixty-Three Dollars and Zero Cents ($11,450,863.00)— to cover the Claim Settlement Payments.

MM.     "Settlement Fund" means the account from which the Claim Settlement Payments and all settlement costs will be paid.

NN.     "Settlement Website" means the website prepared by the Administrator in connection with the process of providing Class Notice to Settlement Class Members.

II.     **PARTIES' POSITION REGARDING SETTLEMENT**

A.     **Defendant's Position on the Conditional Certification of Settlement Class**

Solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose the certification for <u>settlement purposes only</u> of the Settlement Classes. Preliminary certification of the Settlement Classes for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate for these or any like claims.  Nor would Defendant be precluded from challenging class certification in further proceedings in this

11

Action or in any other action if the Agreement is not finalized or finally approved. If the Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Classes will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action. No agreements made by or entered into by Defendant in connection with the Agreement may be used by Plaintiffs, any person in the Settlement Classes or any other person to establish any of the elements of class certification or for any other reason in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

**B.      Plaintiffs' Beliefs in the Merits of Case**

Plaintiffs believe that the claims asserted in this Action have merit and that the evidence developed to date supports those claims. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs that there is any infirmity in the claims asserted by Plaintiffs, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

**C.      Plaintiffs Recognize the Benefits of Settlement**

Plaintiffs recognize and acknowledge, however, the expense and amount of time which would be required to continue to pursue this Action against Defendant, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Classes. Plaintiffs have concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiffs and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Settlement Classes and that it is in the best interests of the Settlement Classes to settle as described herein.

### III.   SETTLEMENT TERMS

#### A.   Settlement Conditioned Upon Approval

The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court. In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking preliminary or final approval, the Parties will return, without prejudice, to the status quo ante as if no Settlement had been negotiated or entered into and this Agreement, the Settlement and their existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Actions or for any other purpose.

Lexington denies all claims, liability, damages, losses, penalties, interest, fees, restitution, and all other forms of relief that were or could have been sought in the Actions, as well as all class action allegations asserted in the Actions. Lexington has agreed to resolve the Actions through this Agreement, but if this Agreement is deemed void or Final Approval does not occur, Lexington does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Actions on all procedural, evidentiary, and factual grounds, including, without limitation, the ability to challenge on any grounds whether any class can be certified and to assert any and all defenses or privileges. The Class Representatives and Class Counsel agree that Lexington retains and reserves all of these rights and agree not to take a position to the contrary.

#### B.   Settlement Class Relief

##### 1.   Claim Settlement Payments to Settlement Classes

In consideration for the Releases set forth in Section VI of this Agreement, Lexington shall provide the following relief:

13

Settlement Class Members must submit a timely, valid, and verified Claim Form, by the Claim Deadline in the manner required by this Agreement, to receive a Claim Settlement Payment from the Settlement Award. Each Settlement Class Member who submits a timely, valid, correct and verified Claim Form by the Claim Deadline in the manner required by this Agreement, making all the required affirmations and representations, shall be sent a Claim Settlement Check by the Administrator in the amount of Six Dollars and Fifteen Cents ($6.15).  Each Settlement Class Member will be entitled to make only one claim regardless of the number of telephone calls or text messages the Settlement Class Member received.

Settlement Award payments shall be mailed by the Administrator within thirty (30) days after the Effective Date.

The Administrator shall mail, by first class mail, a check to each eligible Settlement Class Member receiving a Claim Settlement Payment. The Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs. Checks will be valid for one hundred and eighty (180) days from the date on the check.

Except as provided in this Section and any Service Awards that the Court awards to Plaintiffs, Lexington shall have no obligation to make any other or further payments to Plaintiffs or to any Settlement Class Member.

### 2.      Compliance with the TCPA

The Parties recognize that Lexington will institute policies and procedures to ensure that it complies with the TCPA, including, but not limited to, policies and procedures to ensure that Lexington obtains adequate and proper consent from individuals before placing calls or text messages to those individuals using an automatic telephone dialing system.

### C.      Settlement Approval

Concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a motion for preliminary approval of this Agreement. The motion shall seek entry of a Preliminary Approval Order. Papers in support of Final Approval, Attorneys' Fees and Expenses, and the Service Awards shall be filed at least forty-five (45) days after the Class Notice Date.

### D.      Service Award and Attorneys' Fees and Expenses

#### 1.      Service Awards

Class Counsel will request, and Lexington will not oppose, a Service Award not to exceed Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), for each Plaintiff, to be paid by Lexington. This payment shall be considered a Settlement Cost, subject to Court approval. Such Service Awards shall be paid at the time the Attorneys' Fees and Expenses payments to Class Counsel are due. Court approval of the Service Awards, or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

#### 2.      Attorneys' Fees and Expenses

Class Counsel will request, and Lexington will not oppose, an award of Attorneys' Fees and Expenses not to exceed One Million Four Hundred Fifty Thousand Dollars and Zero Cents ($1,450,000.00). Class Counsel may receive payment of the fees and expenses awarded by the Court within five (5) business days following the later of the Effective Date or the Court's entry of an order awarding fees and costs. Court approval of Attorneys' Fees and Expenses, or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

The payments of Service Awards and Attorneys' Fees and Expenses set forth in Sections 1 and 2 above are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interest of the Settlement Class Members.  However, this Settlement is not

15

dependent or conditioned upon the Court's approving Plaintiffs' requests for such payments or awarding the particular amount sought by Plaintiff. In the event the Court declines Plaintiffs' request or awards less than the amount sought, this Settlement shall continue to be effective and enforceable by the Parties.

## IV.    CLAIMS ADMINISTRATION

### A.    Administrator

The Parties have agreed on KCC Claims Administration as the Administrator. The Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Administrator shall be responsible for, among other things and if and as necessary, for the implementation and effectuation of Class Notice, processing Claim Forms, receiving and maintaining on behalf of the Court any correspondence regarding requests for exclusion and/or objections to the Settlement, administering Claim Settlement Payments, and providing all other related support, reporting, and administration as further stated in this Agreement. The Parties may direct the Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties agree is appropriate.

The Parties will coordinate with the Administrator to provide Notice to the Settlement Classes, as provided in this Agreement. The Administrator shall administer the Settlement in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as Confidential Information except as provided for in this Agreement or by court order.

The Administrator will invoice Lexington directly for start-up and initial Class Notice costs at any time after entry of the Preliminary Approval Order and will bill Lexington monthly for

16

incurred fees and expenses thereafter. The Administrator will complete and provide to Lexington any W9 forms necessary for Lexington to pay for the Notice and Administrative Costs.

### B. Notice

#### 1. Settlement Class Data

Within ten (10) days after entry of the Preliminary Approval Order, Lexington—if it has not already done so—Lexington will provide to the Administrator, on a confidential basis, in an electronically searchable and readable format, with access to the names, e-mail addresses, and cellular telephone numbers for Settlement Class Members. If Lexington does not have an email address associated with a particular cellular telephone number, it will provide the mailing address associated with that cellular telephone number. If Lexington does not have either an e-mail address or mailing address associated with a cellular telephone number, it will provide the cellular telephone number to the Administrator. All such information will be provided to the extent it is reflected in Lexington's reasonably available computerized account records. If any of the terms of this Settlement relating to the Administrator's services would unreasonably hinder or delay such processes or make them more costly, the Administrator shall so advise the Parties, and the Parties will accommodate the Administrator to the extent necessary to carry out the intent of this Agreement. Any personal information relating to members of the Settlement Classes provided to the Administrator pursuant to this Settlement shall be provided solely for the purpose of providing notice to members of the Settlement Classes and allowing them to recover under this Settlement; shall be kept in strict confidence; shall be used only for purposes of this Settlement: and shall not be disclosed to any third party.

#### 2. Direct Notice

By the Class Notice Date, the Administrator shall provide individual notice (the "Direct Notice") as follows. Notice shall first be sent by e-mail to all persons in the Settlement Classes

who may reasonably be identified and as to whom Lexington has an e-mail address associated with the telephone number [and/or account]. E-mails sent shall have a "return receipt" or other such function that permits the Administrator to reasonably determine whether e-mails have been delivered and/or opened. E-mails shall have a hyperlink that class member recipients may click and be taken to a landing page on the Settlement Website. Each class member will be provided a unique class member identifier on the notice which will be used to access the claim form. For persons in the Settlement Classes for which e-mail is not available, Lexington will first determine whether it has a mailing address associated with the telephone number and the Administrator will send postcard notice to those persons. For those persons for whom Lexington has not located an email address or mailing address, the Administrator will conduct a reverse append to determine the person's mailing address and will send postcard notice to those persons.

### 3. Notice by Publication

The Parties agree to develop a media campaign with the Administrator that will produce and place internet banners, purchasing 13,316,000 impressions targeting Adults 18+ on desktop and mobile devices via the Google Display Network. The cost of such media campaign shall be included in the cost of administration set forth in Section IV(A).

### 4. Settlement Website

By the Class Notice Date, the Administrator shall establish and maintain the Settlement Website, using a URL selected by Lexington and subject to approval by Class Counsel, dedicated to the Settlement, on which will be posted the Direct Notice and Claim Form as well as the operative complaint, complete Agreement and Preliminary Approval Order (the "Settlement Website"). The Direct Notice and Publication Notice shall direct recipients to the Settlement Website. The Settlement Website will provide for online submission of Claim Forms. The URL will not include "Lexington Law Firm" and the Settlement Website may not include any of

Lexington's logos or trademarks. Lexington will not display ads or otherwise make any reference to this Settlement on any of its or its affiliates' websites.

### 5. Toll-Free Settlement Hotline

By the Class Notice Date, the Administrator shall establish and maintain an automated toll-free telephone line (which shall not have live operators) for persons in the Settlement Classes to call with, and/or to leave questions or messages regarding, Settlement- related inquiries, to answer the questions of persons who call with or otherwise communicate such inquiries (except that the Administrator shall not give, and shall not be expected to give, legal advice).

### 6. CAFA Notice

The Defendant and/or the Administrator shall serve notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b). Lexington will provide the Court with confirmation of service on or before the date of the Final Approval Hearing.

### C. Claim Filing, Review, and Approval Process

### 1. Claim Form

To submit a valid Claim, Settlement Class Members must correctly provide all the information and documentation required by the Claim Form.

The Claim Form shall require any Settlement Class Member who submits a Claim to provide the following documentation and information, and affirm that the documents and information provided are true and accurate under penalty of perjury: (i) the Settlement Class Member's full name, address, and other information, as necessary, to allow the Administrator to contact the Settlement Class Member to validate the Claim, if necessary; (ii) the telephone number at which Lexington and/or a third party lead generator allegedly contacted the Settlement Class Member; (iii) affirmation, under penalty of perjury, that the Settlement Class Member received

19

one or more telephone calls and/or text messages from Lexington and/or a third party lead generator to the Settlement Class Member's cellular telephone on or after July 12, 2013, through the date of the entry of an order of preliminary approval by the Court (the "Preliminary Approval Order"), and the Settlement Class Member either did not give prior express written consent to be called or the Settlement Class Member claims that the prior express written consent was not contextually sufficient to initiate a telemarketing sales call; (iv) for emailed Claim Forms, the Settlement Class Member's signature; and (v) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature.

Only one valid Claim Form will be honored per Settlement Class Member, regardless of the number of calls or text messages the Settlement Class Member received. Lexington shall have the right to review and research the submitted Claim Forms and to suggest denial of claims if Lexington has a good faith belief that such claims are improper or fraudulent. Any suggestion of denial of claims shall be provided to Class Counsel in writing. If the Parties cannot agree upon which claims should be denied then they shall submit the issue to the Court for determination in connection with Final Approval.

### 2. Claim Filing Process

Settlement Class Members shall be permitted to make a Claim for a Claim Settlement Payment in one of three ways: (i) by sending by U.S. mail a written and fully and accurately completed Claim Form, on a date no later than the Claim Deadline; (ii) by emailing a written and fully and accurately completed Claim Form, on a date no later than the Claim Deadline; or (iii) by filing a fully and accurately completed Claim Form online at www. LexLawTCPAsettlement.com, on a date no later than the Claim Deadline.

Any Settlement Class Member who does not submit an accurate and fully completed Claim Form by the Claim Deadline shall be deemed to have waived any Claim and any such Claim will be rejected.

### 3.   Invalid Claims

Any Settlement Class Member who fails to submit a timely, accurate, and fully completed, valid Claim Form, executed under penalty of perjury, shall not be entitled to receive a Settlement Claim Payment, but shall otherwise be bound by all of the terms in this Agreement, including the terms of the Final Approval Order and the Releases in this Agreement, and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Parties concerning any Released Claims.

### 4.   Claim Review Process

The Administrator shall confirm that each Claim Form submitted is in the form required; that each Claim Form includes the required affirmations, information, and documentation; that each Claim Form was submitted in a timely fashion; and that the Settlement Class Claimant is a member of the Settlement Classes. All such Claim criteria shall be strictly enforced. Any Settlement Class Claimant's failure to provide any of the required affirmations or information shall result in the Claim being deemed invalid, and Lexington shall not have any further obligation to process or make any Claim Settlement Payment on such invalid Claim. The Administrator shall not receive any incentive for denying claims.

### 5.   Settlement Class Payment List

At least ten (10) days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Lexington with the Settlement Class Payment List.

### D.   Opt-Out Rights

### 1.   Opt-Out Requirements

21

A Settlement Class Member who wishes to opt-out of the Settlement Classes must do so in writing. To opt-out, a Settlement Class Member must complete and send to the Administrator, at the address listed in the Class Notice, a Request for Exclusion that is postmarked no later than the Opt-Out Deadline, as specified in the Class Notice (or as the Court otherwise requires). The Request for Exclusion must: (a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the telephone number at which the person received a autodialed calls or text message from Lexington; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Classes in the Actions, such as: "I hereby request that I be excluded from the proposed Settlement Classes in *James Lebowitz v. John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. District of New Jersey, No. 3:18-cv-8552-FLW-DEA, *Frank Eisenband v. John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. District of New Jersey, Case No. 3:17-cv-03404-FLW-DEA; *Joshua Elser v. .John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. Middle District of Florida, Case No. 5:17-cv-00326-BJD-PRL, *Cunningham v. Lexington Law Firm*, U.S.D.C. District of Utah, Case No. 1:17-cv-00087, *Marcelo Pena v. John C. Heath Attorney at Law, PLLC d/b/a Lexington Law Firm*, U.S.D.C. Southern District of Florida, Case No. 18-cv-24407-UU."

Any Settlement Class Member who does not opt-out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Classes, and shall be bound by all subsequent proceedings, orders, and judgments, including the Final Approval Order.

A Settlement Class Member who desires to opt-out must take timely affirmative written action in accordance with this Section, even if the Settlement Class Member desiring to opt-out

22

(a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

### 2.    Opt-Outs Not Bound

Any Settlement Class Member who properly opts out of the Settlement Classes shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, this Agreement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of the Settlement.

### 3.    List of Requests for Exclusion

At least ten (10) days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Lexington with a list of all timely Requests for Exclusion along with copies of such Requests for Exclusion.

### 4.    Right To Terminate Based on Volume of Opt-Outs

If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds ten percent (10%) of the total number of Settlement Class Members, Lexington shall have the right to terminate this Agreement.

### 5.    All Settlement Class Members Bound By Settlement

Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms.

### E.    Objections

Any Settlement Class Member who does not opt-out of the Settlement may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

### 1.    Process

Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Court and mailed (with the requisite postmark) to Class Counsel and Counsel for Lexington (at the addresses identified in Sections I(I) and I(N)), no later than the Objection Deadline.

### 2.      Requirements

The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include:

a.   the name of the Actions;

b.   the objector's full name, address, and telephone number;

c.   an explanation of the basis on which the objector claims to be a Settlement Class Member;

d.   all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e.   the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling on the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.   a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by objector's counsel that

were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h.  any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i.  the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.  the objector's signature (an attorney's signature is not sufficient).

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by appeal or other means.

### 3.  Appearance

Subject to approval by the Court, any Settlement Class Member who files and serves a written objection in accordance with this Section may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline

("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Counsel for Lexington by the Objection Deadline.

The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the telephone number where he or she received a autodialed calls or text message from Lexington; and (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice and this Agreement shall not be entitled to appear at the Final Approval Hearing and raise any objections.

### 4. Discovery From Settlement Class Members Who Object To The Settlement

The Parties shall have the right to take discovery from any Settlement Class Member who objects to the Settlement without further leave of court. If the Settlement Class Member who objects to the Settlement is represented by counsel, the Parties shall also have the right to take discovery from the Settlement Class Member's counsel without further leave of court.

### F. Distribution of Settlement Awards

### 1. Claim Settlement Payments

Claim Settlement Checks shall be mailed by the Administrator within 30 days after the "Effective Date," which will occur five days after the last of the following dates: (i) the entry of a Final Approval Order by the Court; and (ii) the final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appeals period. The Administrator shall mail, by first class mail, a check to each eligible Settlement Class Member

receiving a Claim Settlement Payment. Administrator will perform skip tracing and re- mailing, as necessary; all costs of such work will be considered Settlement Costs. Checks will be valid for 180 days from the date on the check.

### 2. Redistribution of Uncashed Award Payments

The amounts of any Claim Settlement Checks that remain uncashed more than 180 days after the date on the check will be redistributed on a pro rata basis to eligible Settlement Class Members who cashed their first check, where the residual amount of uncashed checks (net of anticipated administrative costs) is sufficient to pay each eligible recipient $6.15 (the "Redistribution"). Settlement Class Members who do not cash their initial checks shall not be eligible for any Redistribution. To the extent the residual amount of uncashed checks (net of anticipated administrative costs) is insufficient, the residual amount shall be distributed as part of the Cy Pres Distribution (defined below); no remaining funds shall revert to Lexington or otherwise be paid to Lexington.

### G. Cy Pres Distribution

To the extent that monies remain from payments of Claim Settlement Payments and Redistributions, such monies will be distributed to non-profit charitable organizations (the "Cy Pres Distribution"). The Cy Pres Distribution shall be made 240 days after completion of the distribution of Claim Settlement Payments or, if necessary, after all Redistributions have been exhausted, whichever is later. The Parties shall agree upon the proposed recipient(s) of the Cy Pres Distribution and shall submit a filing to the Court identifying such proposed recipient(s). The Cy Pres Distribution shall be made equally among the recipients designated by the Parties, subject to approval by the Court. If, for any reason, the Parties and/or the Court determine that one or more proposed recipients are not or are no longer appropriate recipients, the Parties shall agree on replacement recipient(s) of such monies, subject to Court approval. The Parties shall agree that the

designated Cy Pres recipient(s) shall confirm in writing that funds will not be used for litigation or political advocacy, and that Lexington's name will not be used without its consent.

### H.        Termination of Agreement

Either Party shall have the right in his or its sole discretion to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement if any of the following conditions occurs: (1) the Court, within one-hundred eighty (180) days after the motion for preliminary approval is filed, fails or declines to grant Preliminary Approval in accordance with the terms of the Preliminary Approval Order; (2) the Court, within three-hundred sixty (360) days after granting Preliminary Approval in accordance with the terms of the Preliminary Approval Order, fails or declines to grant Final Approval in accordance with the terms of the Final Approval Order; (3) an appellate court vacates or reverses the Final Approval Order; (4) the Effective Date does not occur for any reason; (5) any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Agreement in a way that is material, unless such modification or amendment is accepted in writing by all Parties or (6) any condition described in this Agreement, including any Exhibits, as a basis for termination or cancellation occurs.

### I.        Retention of Records

The Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (5) years from the Effective Date. Those records shall be maintained in accordance with this Agreement as Confidential Information.

### J.        Revert to Status Quo

If either Plaintiffs or Defendant terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and

28

any orders entered by the Court in connection with this Agreement shall be vacated. However, any payments made to the Administrator for services rendered to the date of termination shall not be refunded to Lexington, but such payments shall constitute recoverable costs to the extent allowed by law.

**V.      EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION**

**A.      Exclusive Remedy; Permanent Injunction**

Upon issuance of the Final Approval Order: (i) the Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); (iii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from asserting any Released Claims in any action or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

**B.      Dismissal of Claims**

Upon entry of the Final Approval Order, the Actions, or any subsequent Action(s) that were filed to effectuate the consolidation and settlement of the Actions, shall be dismissed with prejudice as to Plaintiffs and all Settlement Class Members.

### C.   <u>Continuing Jurisdiction of Court</u>

The Court shall retain exclusive and continuing jurisdiction over this Actions, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## VI.   <u>RELEASES</u>

Upon the Effective Date of this Agreement, Releases will be provided by Plaintiffs and the Settlement Class Members to the Released Parties as follows:

> Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, household members, and any persons acting on their behalf, will be deemed to have fully released and forever discharged: (1) Lexington, and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, independent contractors and/or predecessors in interest and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns; and (2) Progrexion ASG, Inc., Progrexion Teleservices, Inc., Progrexion Marketing, Inc. and each and all of their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, independent contractors and/or predecessors in interest and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns (collectively with the parties identified in subpart No. 1, the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of preliminary approval that arise out of or are related in any way to the actual or alleged use by Lexington, or its current or prior representatives, agents or affiliates, of an artificial or prerecorded voice, predictive dialer and/or of any automatic telephone dialing system (to the fullest extent that those terms are used, defined or interpreted by the

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law) to place calls to cellular telephones or any telephones for which the called party is charged, including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any other state or federal statutory or analogous common law claim (including, but not limited to, state laws and invasion of privacy) arising from the use of automatic telephone dialing systems, predictive dialer and/or an artificial or prerecorded voice (the "Released Claims") which have accrued on or before through the date of Final Approval.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of the waiver of California Civil Code Section 1542 and/or any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

31

## VII.   COVENANTS, REPRESENTATIONS, AND WARRANTIES

Plaintiffs and the Settlement Class Members covenant and agree: (a) not to assert any of the Released Claims in any action or proceeding and not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action or proceeding based on any of the Released Claims against any of the Released Parties; (b) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Parties.

Plaintiffs represent and warrants that: (a) they are the sole and exclusive owner of their own Released Claims; (b) that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties; (c) that they will not assign or otherwise transfer any interest in any of the Released Claims; and (d) that they have no surviving claim or cause of action against any of the Released Parties that is not being released by this Agreement.

Class Counsel represent and warrant that: (a) they know of no other persons with claims against Lexington who are not included in the Settlement Classes and whose claims will not be released upon the Effective Date of this Agreement; (b) they will keep confidential and not publicly disclose, disseminate, or use any of the information in the Settlement Class Data; and (c) they will not advertise for or solicit individuals to bring any additional lawsuits or claims against the Released Parties.

## VIII.   TAXES

32

### A. Qualified Settlement Fund

The Parties agree that the Settlement Fund into which the Settlement Award and all other settlement costs are deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B I. The Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section 13, including, if necessary, the "relation back election" (as defined in Treas. Reg. §1.468B 1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

### B. Administrator is "Administrator"

For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Administrator shall be designated as the "administrator" of the Settlement Fund. The Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B 2(k)). Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by Settlement Fund shall be paid out of the Settlement Fund.

### C. Taxes Paid by Administrator

All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Lexington or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the

33

Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes shall be paid by the Administrator from the Settlement Fund.

### D.      Expenses Paid from Fund

Any expenses reasonably incurred by the Administrator in carrying out its duties, including fees of tax attorneys and/or accountants, shall be paid by the Administrator from the Settlement Fund.

### E.      Responsibility for Taxes on Distribution

Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

### F.      Defendant Is Not Responsible

In no event shall Lexington or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiffs, Settlement Class Members, Class Counsel or any other person or entity, and the Settlement Fund shall indemnify and hold Lexington and the other Released Parties harmless for all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

### IX.      MISCELLANEOUS PROVISIONS

### A.      Cooperation to Facilitate this Settlement

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

### B.      Representation by Counsel

34

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

### C.   <u>No Admission of Liability</u>

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representatives, on behalf of themselves or the Settlement Classes, against Lexington. Lexington expressly denies and disclaims any liability or wrongdoing.

Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in the Action. Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action. Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Lexington or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Lexington in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification; however, this Agreement may be used by the Parties and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted,

prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

### D. Contractual Agreement

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Parties that he or she represents.

### E. Change of Time Periods

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for Lexington, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### F. Integration

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

### G. Drafting

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

**H.      Costs**

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

**I.      Modification or Amendment**

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

**J.      No Waiver**

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

**K.      Severability**

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section shall not apply should any

court or tribunal find any part, term, or provision of the release to be illegal or invalid in any manner.

**L.      No Violation of Law or Agreement**

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

**M.      Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

**N.      Non-Waiver of Debts/Obligations Owing by Class Members**

The Parties understand and agree that this Agreement and any terms herein shall not affect in any regard any debt or obligation owed by Plaintiffs or Settlement Class Members to Defendant and/or its clients, principals and their related or affiliated entities. This Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by Plaintiffs or Settlement Class Members, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendant and its clients, principals and their related or affiliated entities. The Settlement and any and all payments to class members that may arise from the Settlement shall in no way re-trigger/re-activate the statute of limitations for any alleged debts that class members may owe Lexington.

**O.      Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Florida, without reference to its conflict of law provisions, except to the

extent that federal law governs.  The adequacy of the settlement, any determination regarding Class

Counsel's fees and expenses, and any Service Awards shall be governed by federal law.

### P.       Fair and Reasonable

The Parties and their counsel believe that this Agreement is a fair and reasonable

compromise of the disputed claims, it is in the best interests of the Parties, and have arrived at this

Agreement as a result of extensive arm's-length negotiations.

### Q.       Headings

All headings contained herein are for informational purposes only and do not constitute a

substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions

of this Agreement, the headings shall be disregarded.

### R.       Exhibits

The Exhibits to this Agreement are expressly incorporated and made part of the terms and

conditions set forth herein.

### S.       Counterparts

This Agreement may be executed in one or more counterparts.  All executed counterparts,

and each of them, shall be deemed to be one and the same instrument provided that counsel for the

Parties to this Agreement shall exchange among themselves original signed counterparts.

### T.       Facsimile and Electronic Mail

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt

of an original signed Agreement by mail.

### U.       Warranty of Signature

Each signer of this Agreement represents and warrants that he or she is authorized to

execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for

which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

## V.      No Assignment

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party.   Any Party that breaches the representations and warranties set forth in this Section  shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section.

## W.      Confidentiality; Communications to Media and Public

The Parties agree that the terms of this Agreement and the Settlement, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and a motion for preliminary approval of the Settlement is filed with the Court; provided, however, that the Parties may jointly report the pendency of the mediation and/or Settlement to the Court in the Actions as well as any pending action that may be subsumed by the proposed Settlement described herein. Lexington may, at its sole discretion, disclose the terms of this Agreement and the Settlement to its auditors and other parties as reasonably necessary.  The Parties agree that they will not initiate any publicity of the Settlement and will not respond to requests by any media (whether print, online, or any traditional or non-traditional form) about the Settlement.

For the avoidance of any doubt, nothing in this Agreement prevents the Parties from making any disclosures required to effectuate this Agreement or from making any disclosures required by law.

## X.        Stay/Bar of Proceedings

The Parties agree that all proceedings in the Actions shall be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement, such as confirmatory discovery. Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them, and further agree that the Preliminary Approval Order shall include an injunction that no person in the Settlement Classes and no person acting or purporting to act directly or on behalf of a person in the Settlement Classes, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims. The Settlement will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

## Y.        Dispute Resolution

The Parties shall promptly negotiate in good faith any disputes that may arise as to the specific terms of the Agreement, the documentation of the Settlement and any other matters related to the Settlement. To the extent that the Parties or their counsel are unable to reach agreement as to the meaning of any term or provision of the Agreement that have been negotiated as part of this Agreement, the Parties shall seek the assistance of the Hon. Jay Gandhi to resolve the issue through mediation.

## Z.        Confirmatory Discovery

The Parties agree that the Settlement shall be subject to reasonable confirmatory discovery by Plaintiffs, to be completed by a date agreed upon by the Parties, of facts necessary to reasonably confirm the information provided by Lexington relating to the availability of data and/or information regarding the putative class of persons who Plaintiffs purport to represent in the Actions, including the estimated class sizes. Plaintiffs and Class Counsel agree to work cooperatively with Lexington to assure that confirmatory discovery is timely completed and not overbroad.

**AA.    Evidentiary Preclusion**

The Parties agree that neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (including, but not limited to, this Agreement): (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency, arbitration or alternative dispute mechanism, or other tribunal. In addition, neither the fact of, nor any documents relating to, Lexington's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file the Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or any other defense or counterclaim.

**BB.    Future Changes in Laws or Regulations**

42

The Parties agree that to the extent Congress, the Federal Communications Commission or any other relevant regulatory authority promulgates different requirements under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control. However, the Parties agree that changes in law shall not provide any basis for any attempt to alter, modify or invalidate this Settlement.

**CC.     No Construction Against Drafter**

The Parties agree that this Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:


Dated: _____          By:      _____

James Lebowitz
*Plaintiff and Class Representative*


Dated: _____          By:      _____

Frank Eisenband
*Plaintiff and Class Representative*


Dated: _____          By:      _____

Joshua Elser
*Plaintiff and Class Representative*


Dated: _____          By:      _____

Marcelo Pena
*Plaintiff and Class Representative*


Dated: _____          By:      _____

Craig Cunningham
*Plaintiff and Class Representative*


Dated: 5/3/2019 _____          By:      *Manuel S. Hiraldo* _____

Abbas Kazerouni
Joshua Swigart
Stephen P. DeNittis
Todd M. Friedman
Manuel S. Hiraldo
Andrew J. Shamis
Scott A. Edelsberg

*Counsel for Plaintiffs and the Settlement Classes*


44

Dated: _____          John C. Heath, Attorney At Law, PLLC d/b/a
                                      Lexington Law Firm

                          By:

                                      _____

                                      Name: _____

                                      Title: _____

Dated: _____     By:

                                      _____
                                      Chad Fuller
                                      Troutman Sanders LLP
                                      *Counsel for Defendant John C. Heath, Attorney at Law,
                                      PLLC d/b/a Lexington Law Firm,*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____   By: _____

James Lebowitz
*Plaintiff and Class Representative*

Dated: Option 1 _____   By: _____

FRANK EISENBAND (May 3, 2019)
Frank Eisenband
*Plaintiff and Class Representative*

Dated: Option 1 _____   By: _____

Joshua Elser (May 3, 2019)
Joshua Elser
*Plaintiff and Class Representative*

Dated: _____   By: _____

Marcelo Pena
*Plaintiff and Class Representative*

Dated: _____   By: _____

Craig Cunningham
*Plaintiff and Class Representative*

Dated: _____   By: _____

Abbas Kazerouni
Joshua Swigart
Stephen P. DeNittis
Todd M. Friedman
Manuel S. Hiraldo
Andrew J. Shamis
Scott A. Edelsberg

*Counsel for Plaintiffs and the Settlement Classes*

44

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:


Dated: 05/03/2019                    By:    *James Lebowitz*
                                            James Lebowitz
                                            *Plaintiff and Class Representative*


Dated: _____              By:    _____
                                            Frank Eisenband
                                            *Plaintiff and Class Representative*


Dated: _____              By:    _____
                                            Joshua Elser
                                            *Plaintiff and Class Representative*


Dated: _____              By:    _____
                                            Marcelo Pena
                                            *Plaintiff and Class Representative*


Dated: _____              By:    _____
                                            Craig Cunningham
                                            *Plaintiff and Class Representative*


Dated: 5/2/19                        By:    _____
                                            Abbas Kazerouni
                                            Joshua Swigart
                                            Stephen P. DeNittis
                                            Todd M. Friedman
                                            Manuel S. Hiraldo
                                            Andrew J. Shamis
                                            Scott A. Edelsberg

                                            *Counsel for Plaintiffs and the Settlement Classes*


44

Dated: _____

By:

John C. Heath, Attorney At Law, PLLC d/b/a
Lexington Law Firm

_____

Name: _____

Title: _____

Dated: May 3, 2019_____

By:

_____

Chad Fuller
Troutman Sanders LLP
*Counsel for Defendant John C. Heath, Attorney at Law,
PLLC d/b/a Lexington Law Firm,*

45

Dated: _May 3, 2019_

By:

John C. Heath, Attorney At Law, PLLC d/b/a
Lexington Law Firm

Name: _John C. Heath_

Title: _CEO / President_

Dated: _____

By:

_____

Chad Fuller
Troutman Sanders LLP
*Counsel for Defendant John C. Heath, Attorney at Law,*
*PLLC d/b/a Lexington Law Firm,*

45

Dated: _____     By: _____

                                    James Lebowitz
*Plaintiff and Class Representative*

Dated: _____     By: _____

                                    Frank Eisenband
*Plaintiff and Class Representative*

Dated: _____     By: _____

                                    Joshua Elser
*Plaintiff and Class Representative*

Dated: _____     By: _____

                                    Marcelo Pena
*Plaintiff and Class Representative*

Dated: _____     By: _____

                                    Craig Cunningham
*Plaintiff and Class Representative*

_____

Abbas Kazerouni
Joshua Swigart
Stephen P. DeNittis
Todd M. Friedman
Manuel S. Hiraldo
Andrew J. Shamis
Scott A. Edelsberg

*Counsel for Plaintiffs and the Settlement Classes*

46

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____    By: _____
                                             James Lebowitz
                                             *Plaintiff and Class Representative*

Dated: _____    By: _____
                                             Frank Eisenband
                                             *Plaintiff and Class Representative*

Dated: _____    By: _____
                                             Joshua Elser
                                             *Plaintiff and Class Representative*

Dated: May 3, 2019 _____    By: _____
                                             Marcelo Pena
                                             *Plaintiff and Class Representative*

Dated: _____    By: _____
                                             Craig Cunningham
                                             *Plaintiff and Class Representative*

Dated: _____    By: _____
                                             Abbas Kazerouni
                                             Joshua Swigart
                                             Stephen P. DeNittis
                                             Todd M. Friedman
                                             Manuel S. Hiraldo
                                             Andrew J. Shamis
                                           Scott A. Edelsberg

                                             *Counsel for Plaintiffs and the Settlement Classes*

44

# EXHIBIT 1

**John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm Settlement CLAIM FORM**

## Case No. 1:18-cv-24407-UU

Return this Claim Form to:  Claim Administrator, XXXXXX. Questions, visit **www.LexLawTCPAsettlement.com**  or call **1-800-xxx-xxxx**.

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY MONTH  DAY , YEAR  BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**YOU MUST SUBMIT THIS CLAIM FORM TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that if you are a Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that all information contained therein is true and correct. This Claim Form may be researched and verified by the Claim Administrator.

| YOUR CONTACT INFORMATION |
|---|

**Name**: _____     _____     _____
           (First)                              (Middle)                  (Last)

**Current Address**: _____

(City)                                              (State)              (ZIP Code)

**Telephone Number on the Date you Received an Autodialed Call or Text Message:** (_____)_____ – _____
**Email address :**_____

**Current Phone Number:** (_____)_____ – _____     **or** ☐ check if same as above
(Please provide a phone number where you can be reached if further information is required.)

**Claim ID** :_____

| Class Member Verification |
|---|

By submitting this claim form, I declare under penalty of perjury that I am a member of the Classes (defined as "Settlement Class No. 1: All persons in the United States : (1) who received a telephone call and/or text message from July 12, 2013 to the date of preliminary approval based on information gathered by one or more of the following third-party lead generators - RTK Media, Inc., Capital Leads, LLC, Fluent, LLC, and Credit Sesame, and (2) the telephone call or text message in (1) resulted in a telephone conversation with a representative of Lexington or a text message that referenced "Lexington Law" or "Settlement Class No. 2: All persons in the United States: (1) who had a telephone conversation with a representative of Lexington, from July 12, 2013 to the date of preliminary approval, wherein the Lexington representative obtained a copy of such person's credit report, (2) who did not sign up for Lexington's credit repair services on that phone call, and (3) who did not opt-out of receiving text messages from Lexington."

 **I declare under penalty of perjury that the foregoing is true and correct.**

Signature:_____     Date: _____

Print Name:_____

**If you have questions, you may call the Claim Administrator at 1-xxx-xxx-xxxx.**

# EXHIBIT 2

**If You Received an Autodialed Call or a Text Message from John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm, You May Be Entitled to a Payment from a Class Action Settlement**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit alleging that John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm ("Lexington") made autodialed calls or sent autodialed text messages to wireless telephone numbers without consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Lexington denies the allegations and any wrongdoing. The Court has not decided who is right.

**Who's Included?** The Settlement includes all persons who received an autodialed call or a text message on their cell phone from Lexington from July 12, 2013, through the date of the entry of an order of preliminary approval by the Court. Specifically, the classes are defined as "Settlement Class No. 1: All persons in the United States : (1) who received a telephone call and/or text message from July 12, 2013 to the date of preliminary approval based on information gathered by one or more of the following third-party lead generators - RTK Media, Inc., Capital Leads, LLC, Fluent, LLC, and Credit Sesame, and (2) the telephone call or text message in (1) resulted in a telephone conversation with a representative of Lexington or a text message that referenced "Lexington Law" or "Settlement Class No. 2: All persons in the United States: (1) who had a telephone conversation with a representative of Lexington, from July 12, 2013 to the date of preliminary approval, wherein the Lexington representative obtained a copy of such person's credit report, (2) who did not sign up for Lexington's credit repair services on that phone call, and (3) who did not opt-out of receiving text messages from Lexington." You received this email because records show that you may be a Settlement Class Member.

**What Are the Settlement Terms?** Lexington has agreed to pay class members who submit a valid Claim Form and to pay for notice and administration costs of the Settlement, attorneys' fees and expenses incurred by counsel for the Settlement Class, and service awards for the Plaintiffs. A Settlement Class Member who submits a timely and valid Claim Form will receive a check for $6.15. Only one Claim is allowed per Settlement Class Member.

**How Can I Get a Payment?** To get a payment, you must submit a Claim Form by the deadline stated below. You may download a Claim Form at the Settlement Website, **www.LexLawTCPAsettlement.com** or request a Claim Form by calling the Settlement Administrator at the toll-free number below. To be valid, a Claim Form must be completed fully and accurately, signed under penalty of perjury, and submitted timely. You may submit a Claim Form by U.S. mail, email a Claim Form, or file a Claim Form online. If you send in a Claim Form by U.S. mail, it must be postmarked by xxxxxxxxx. If you file a Claim Form online, then you must so file by 11:59 p.m. EST on xxxxxxxxx.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by xxxxxxxxx. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website. You may object to the Settlement by xxxxxxxxx. The Court will hold a Final Approval Hearing on xxxxxxxxx to consider whether to approve the Settlement, a request for attorneys' fees of $1,450,000.00, and service awards of $2,500 to each Class Representative. You may appear at the

000004/00995238_1

hearing, either yourself or through an attorney you hire, but you don't have to. For more information, call or visit the Settlement Website.

**www.LexLawTCPAsettlement.com**                                        **1- 800-xxx-xxxx**

000004/00995238_1

# EXHIBIT 3

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

# If You Were Sent an Autodialed Call or a Text Message from John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm, You May Be Entitled to a Payment from a Class Action Settlement.

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement[1] has been reached in a class action lawsuit about whether John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm ("Lexington") made autodialed calls or sent autodialed text messages to mobile telephone numbers without prior express written consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Lexington denies the allegations and any wrongdoing. The Court has not decided who is right.

- The Settlement offers payments to Settlement Class Members who file valid Claims.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a member of the Settlement Classes, you must submit a completed Claim Form to receive a payment. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Classes, you will receive your payment by check. |
| **EXCLUDE YOURSELF** | You may request to be excluded from the Settlement and, if you do, you will receive no benefits from the Settlement. |
| **OBJECT** | Write to the Court if you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in court about the fairness of the Settlement. |
| **DO NOTHING** | You will not receive a payment if you fail to timely submit a completed Claim Form, and you will give up your right to bring your own lawsuit against Lexington about the Claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying Claim Forms. Please be patient.

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement, a copy of which may be found online at the Settlement Website below.

**QUESTIONS? CALL 1-844-551-1722 OR VISIT**
**www.LexLawTCPAsettlement.com**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**...................................................................................................**PAGE 3**
1. Why is there a Notice?
2. What is this litigation about?
3. What is the Telephone Consumer Protection Act?
4. Why is this a class action?
5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**.....................................................................**PAGE 4**
6. Who is included in the Settlement?
7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**.................................................................................**PAGE 4**
8. What does the Settlement provide?
9. How do I file a Claim?
10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**...............................................**PAGE 5**
11. How do I get out of the Settlement?
12. If I do not exclude myself, can I sue Lexington for the same thing later?
13. What am I giving up to stay in the Settlement Class?
14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**....................................................................**PAGE 6**
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**........................................................................**PAGE 6**
17. How do I tell the Court I do not like the Settlement?
18. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING**...........................................................................**PAGE 7**
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to attend the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING**................................................................................................**PAGE 8**
22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.............................................................................**PAGE 8**
23. How do I get more information?

## BASIC INFORMATION

| 1. Why is there a Notice? |
|---|

A court authorized this Notice because you have a right to know about a proposed Settlement of the class action lawsuits known as *James Lebowitz v. John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. District of New Jersey, No. 3:18-cv-8552-FLW-DEA, *Frank Eisenband v. John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. District of New Jersey, Case No. 3:17-cv-03404-FLW-DEA; *Joshua Elser v. John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. Middle District of Florida, Case No. 5:17-cv-00326-BJD-PRL, *Cunningham v. Lexington Law Firm*, U.S.D.C. District of Utah, Case No. 1:17-cv-00087, *Marcelo Pena v. John C. Heath Attorney at Law, PLLC d/b/a Lexington Law Firm*, U.S.D.C. Southern District of Florida, Case No. 18-cv-24407-UU and about all of your options before the Court decides whether to give Final Approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Ursula Ungaro of the United States District Court for the Southern District of Florida is overseeing this case. The people who sued including James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham, are called the "Plaintiffs." Lexington, is called the "Defendant."

| 2. What is this litigation about? |
|---|

The lawsuit alleges that Lexington sent autodialed calls and text messages to Plaintiffs' wireless telephone numbers without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and seeks actual and statutory damages under the TCPA on behalf of the named Plaintiffs and a class of all individuals in the United States.

Lexington denies each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the litigation and that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through trial.

The Plaintiffs' Complaints, Settlement Agreement, and other case-related documents are posted on the Settlement Website, **www.LexLawTCPAsettlement.com** The Settlement resolves the lawsuits. The Court has not decided who is right.

| 3. What is the Telephone Consumer Protection Act? |
|---|

The Telephone Consumer Protection Act (commonly referred to as the "TCPA") is a federal law that restricts telephone solicitations and the use of automated telephone equipment without consent from consumers.

| 4. Why is this a class action? |
|---|

In a class action, the people called the "Class Representatives" (in this case, Plaintiffs Lebowitz, Eisenband, Elser, Pena, and Cunningham) sue on behalf of themselves and other people with similar claims.

All of the people who have claims similar to the Plaintiffs' claims are Settlement Class Members, except for those who exclude themselves from the class.

| 5. | Why is there a settlement? |
|---|---|

The Court has not found in favor of either Plaintiffs or Lexington. Instead, both sides have agreed to a settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Claimants will receive the benefits described in this Notice. Lexington denies all legal claims in this case. Plaintiffs and their lawyers think the proposed Settlement is best for everyone who is affected.

## WHO IS PART OF THE SETTLEMENT

| 6. | Who is included in the Settlement? |
|---|---|

The Settlement includes all persons who received an autodialed call or a text message on their cell phone from Lexington on or after July 12, 2013, through the date of the entry of an order of preliminary approval by the Court. Specifically, the Settlement is defined as:

Settlement Class No. 1: All persons in the United States : (1) who received a telephone call and/or text message from July 12, 2013 to the date of preliminary approval based on information gathered by one or more of the following third-party lead generators - RTK Media, Inc., Capital Leads, LLC, Fluent, LLC, and Credit Sesame, and (2) the telephone call or text message in (1) resulted in a telephone conversation with a representative of Lexington or a text message that referenced "Lexington Law."

Settlement Class No. 2: All persons in the United States: (1) who had a telephone conversation with a representative of Lexington, from July 12, 2013 to the date of preliminary approval, wherein the Lexington representative obtained a copy of such person's credit report, (2) who did not sign up for Lexington's credit repair services on that phone call, and (3) who did not opt-out of receiving text messages from Lexington.

Persons meeting this definition are referred to collectively as the "Settlement Class" and, individually, as "Settlement Class Members."

Excluded from the Settlement Class are: (i) the district judge and magistrate judge presiding over this case, the judges of the U.S. Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; (2) individuals who are or were during the Class Period agents, directors, employees, officers, or servants of Lexington or of any affiliate or parent of Lexington; (3) Plaintiffs' counsel and their employees, and (4) all persons who file a timely and proper request to be excluded from the Settlement Classes.

| 7. | What if I am not sure whether I am included in the Settlement? |
|---|---|

If you are not sure whether you are in the Settlement Class or have any other questions about the Settlement, visit the Settlement Website at www.LexLawTCPAsettlement.com or call the toll-free number, 1-800-XXX-XXXX. You also may send questions to the Settlement Administrator at XXXXXX.

## THE SETTLEMENT BENEFITS

**QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT**
**www.LexLawTCPAsettlement.com**

4

| 8. | What does the Settlement provide? |
|---|---|

To fully settle and release claims of the Settlement Class Members, Lexington has agreed to make payments to the Settlement Class Members and pay for notice and administration costs of the Settlement, attorneys' fees and expenses incurred by counsel for the Settlement Classes, and service awards for Plaintiffs (the "Settlement Award"). Each Settlement Class member who timely files with the Settlement Administrator a valid Claim Form will receive a check for $6.51.

| 9. | How do I file a Claim? |
|---|---|

If you qualify for a payment, you must complete and submit a valid Claim Form. You may download a Claim Form at the Settlement Website, www.LexLawTCPAsettlement.com, or request a Claim Form by calling the Settlement Administrator at the toll-free number below. To be valid, a Claim Form must be completed fully and accurately, signed under penalty of perjury, and submitted timely.

You may submit a Claim Form by U.S. mail, email a Claim Form, or file a Claim Form online. If you send in a Claim Form by U.S. mail, it must be postmarked by **xxxxxxxxx**. If you file a Claim Form online, then you must so file by **11:59 p.m. EST on xxxxxxxxx**.

No matter which method you choose to file your Claim Form, please read the Claim Form carefully and provide all the information required. Only one Claim Form may be submitted per Settlement Class Member.

| 10. | When will I receive my payment? |
|---|---|

Payments to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below).  If there are appeals, resolving them can take time. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Lexington on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement Classes.

| 11. | How do I get out of the Settlement? |
|---|---|

To exclude yourself from the Settlement, you must send a timely letter by mail to:

Lexington Settlement Administrator
XXXXXXXXX

Your request to be excluded from the Settlement must be personally signed by you under penalty of perjury and contain a statement that indicates your desire to be "excluded from the Settlement Classes" and that, absent excluding yourself or "opting out," you are "otherwise a member of the Settlement Classes."

Your exclusion request must be postmarked no later than **xxxxxxxxx**. You cannot ask to be excluded on the phone, by email, or at the Settlement Website.

**QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT**
**www.LexLawTCPAsettlement.com**

You may only opt out yourself from the Settlement Classes.

## 12. If I do not exclude myself, can I sue Lexington for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Lexington for the claims that the Settlement resolves. You must exclude yourself from this Settlement Classes in order to pursue your own lawsuit.

## 13. What am I giving up to stay in the Settlement Classes?

Unless you opt out of the Settlement, you cannot sue or be part of any other lawsuit against Lexington about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at **www.LexLawTCPAsettlement.com** The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Classes listed in Question 15 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Claims or what they mean.

## 14. If I exclude myself, can I still get a payment?

No. You will not get a payment from the Settlement Award if you exclude yourself from the Settlement.

# THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in the case?

The Court has appointed the following lawyers as "Class Counsel" to represent all members of the Settlement Classes.

Abbas Kazerounian, Esq.Kazerouni Law Group, APC
245 Fischer Ave Suite D1
Costa Mesa, CA 92626

Joshua Swigart, Esq.Hyde & Swigart
2221 Camino del Rio S #101
San Diego, CA 92108

Stephen P. DeNittis, Esq.
DeNittis Osefchen Prince, P.C.
525 Route 73 North, Suite 410
Marlton, NJ 08053

Todd M. Friedman, Esq.

**QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT**
**www.LexLawTCPAsettlement.com**

Law Offices of Todd M. Friedman, P.C.
324 S Beverly Blvd, Suite 725
Beverly Hills, CA 90212

Scott Edelsberg, Esq.
Edelsberg Law, PA
19495 Biscayne Blvd #607
Aventura, FL 33180

Andrew J. Shamis
Shamis and Gentile, P.A.
14 NE 1st Avenue, Suite 400
Miami, Florida 33132

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

| 16. How will the lawyers be paid? |
|---|

Class Counsel intend to request up to $1,450.000.00 for attorneys' fees and costs.

Class Counsel will also request that Service Awards of $2,500.00 be paid to each of the Class Representatives for their services as representative on behalf of the whole Settlement Classes.

## OBJECTING TO THE SETTLEMENT

| 17. How do I tell the Court if I do not like the Settlement? |
|---|

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Classes), you can object to any part of the Settlement.  To object, you must timely submit a letter that includes the following:

1) A heading that includes the case name and case number— *James Lebowitz v. John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. District of New Jersey, No. 3:18-cv-8552-FLW-DEA, *Frank Eisenband v. John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. District of New Jersey, Case No. 3:17-cv-03404-FLW-DEA; *Joshua Elser v. .John C. Heath, Attorney at Law PLLC d/b/a Lexington Law Firm*, U.S.D.C. Middle District of Florida, Case No. 5:17-cv-00326-BJD-PRL, *Cunningham v. Lexington Law Firm*, U.S.D.C. District of Utah, Case No. 1:17-cv-00087, *Marcelo Pena v. John C. Heath Attorney at Law, PLLC d/b/a Lexington Law Firm*, U.S.D.C. Southern District of Florida, Case No. 18-cv-24407-UU.

2) Your name, address, telephone number, the cell phone number at which you received text messages and/or an autodialed call from Lexi and if represented by counsel, the name, bar number, address, and telephone number of your counsel;

3) A signed statement stating, under penalty of perjury, that you received one or more text message and/or autodialed call from Lexington and are a member of the Settlement Classes;

4) A statement of all your objections to the Settlement including your legal and factual basis for each objection;

5) A statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend;

6) The number of times in which your counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each listed case;

7) A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

8) Any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between you or your counsel and any other person or entity.

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) and mail your objection to each of the following three (3) addresses, and your objection must be postmarked by **XXXXXXXXXX**.

| Clerk of the Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| United States District Court for the Southern District of Florida 400 N. Miami Ave Miami, FL 33128 | Scott Edelsberg, Esq. Edelsberg Law, PA 19495 Biscayne Blvd #607 Aventura, FL 33180 | John S. Gibbs III Troutman Sanders LLP, 600 Peachtree Street NE Suite 3000, Atlanta, Georgia 30308 |

### 18. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

### 19. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Final Approval Hearing on **xxxxxxx at xxx a.m.** at the xxxxxxxxxxxx. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check **www.LexLawTCPAsettlement.com** for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for a Service Award to the Class Representative.

**QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT**
**www.LexLawTCPAsettlement.com**

If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

| 20. Do I have to attend the hearing? |
| --- |

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time to the proper addresses and it complies with all the other requirements set forth above, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary.

| 21. May I speak at the hearing? |
| --- |

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, your timely filed objection must include a statement of whether you intend to appear at the Final Approval Hearing (*see* Question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

| 22. What happens if I do nothing at all? |
| --- |

If you are a Settlement Class member and do nothing, meaning you do not file a timely Claim, you will not get benefits from the Settlement. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

## GETTING MORE INFORMATION

| 23. How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at **www.LexLawTCPAsettlement.com** You also may write with questions to the Settlement Administrator at Lexington Settlement Administrator, P.O. Box 6006, Portland, OR 97208-6006 or call the toll-free number, 1-888-551-1722.

**QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT**
**www.LexLawTCPAsettlement.com**

# EXHIBIT 4

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO 1:18-cv-24407-UU

MARCELO PENA,                                    **CLASS ACTION**
individually and on behalf of all others
similarly situated,

*Plaintiff*,                                     **JURY TRIAL DEMANDED**

v.

JOHN C. HEATH, ATTORNEY AT LAW,
PLLC D/B/A LEXINGTON LAW FIRM.,

*Defendant*,

_____/

**[PLAINTIFFS' PROPOSED] ORDER GRANTING FINAL APPROVAL TO
CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

On _____, 201__, the Court granted preliminary approval to the proposed class action

settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between

Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham

("Plaintiffs"), on behalf of himself and all members of the Settlement Class,[1] and Defendant John C.

Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm ("Defendant") (collectively, the "Parties").

The Court also provisionally certified the Settlement Classes for settlement purposes, approved the

procedure for giving Class Notice to the members of the Settlement Classes, and set a Final Approval

Hearing to take place on _____.

On _____, the Court held a duly noticed Final Approval Hearing to consider: (1)

whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2)

whether a judgment should be entered dismissing the Plaintiffs' Complaint on the merits and with

_____

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

1

prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiffs.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

## I.      JURISDICTION OF THE COURT

1.      The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2.      The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of

2

the claims of the Settlement Class he seeks to represent; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.      CERTIFICATION OF SETTLEMENT CLASS

4.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Classes, as identified in the Settlement Agreement:

Settlement Class No. 1: All persons in the United States : (1) who received a telephone call and/or text message from July 12, 2013 to the date of preliminary approval based on information gathered by one or more of the following third-party lead generators - RTK Media, Inc., Capital Leads, LLC, Fluent, LLC, and Credit Sesame, and (2) the telephone call or text message in (1) resulted in a telephone conversation with a representative of Lexington or a text message that referenced "Lexington Law."

Settlement Class No. 2: All persons in the United States: (1) who had a telephone conversation with a representative of Lexington, from July 12, 2013 to the date of preliminary approval, wherein the Lexington representative obtained a copy of such person's credit report, (2) who did not sign up for Lexington's credit repair services on that phone call, and (3) who did not opt-out of receiving text messages from Lexington.

## III.      APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5.      The Court finally appoints Kazerouni Law Group, APC, Hyde & Swigart, Law Offices of Todd M. Friedman, P.C., Hiraldo P.A., Shamis & Gentile, P.A., DeNittis Osefchen Prince, P.C., and Edelsberg Law as Class Counsel for the Settlement Class.

6.      The Court finally designates Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham as the Class Representatives.

3

IV.     **NOTICE AND CLAIMS PROCESS**

7.      The Court makes the following findings on notice to the Settlement Class:

(a)     The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)     The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

V.      **FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

8.      The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

4

## VI.    ADMINISTRATION OF THE SETTLEMENT

9.      The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.     The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses, and awards Class Counsel _____ as reasonable attorneys' fees and costs, inclusive of the award of reasonable costs incurred in this Action. The Court finds that the requested fees are reasonable under the percentage of the fund for the reasons set forth herein. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11.     The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (3) Class Counsel have standard contingent fee agreements with Plaintiffs, who have reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed

5

and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and _____ Settlement Class Member(s) objected.

12.     In addition, the Court has applied the factors articulated in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The court finds and concludes that the following applicable factors support the requested award of attorneys' fees and costs:

   a. *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work representing Plaintiffs and the class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

   b. *Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification, contested issues about whether the software and equipment used to send the messages and calls at issue constituted an Automatic Telephone Dialing System in a setting of developing case law and FCC rulings and recovery being dependent on a successful outcome, which was uncertain.

   c. *Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved excellent monetary results for Settlement Class Members. Here, the Settlement required Defendant to make available up to $11,450,863.00 for the Settlement Class and will produce a per person cash benefit that is well within the range of recoveries established by other court approved TCPA class action settlements. *See, e.g.*, *Spillman v. RPM Pizza, LLC*, Case No. 3:10-cv-00349.

6

d. *The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases*

Many similar TCPA class settlements provide for one third of the fund. *See Guarisma v. ADCAHB Medical Coverages, Inc.*, 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common-fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *Reyes v. AT&T Mobility Servs., LLC*, No. 10-20837-CIV, [DE 196], at 6. Here, Class Counsel is awarded less than in these other cases—approximately 12.6%. This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action.  Class Counsel regularly engage in complex litigation involving consumer issues, all have been class counsel in numerous consumer class action cases.

e. *This Case Required a High Level of Skill*

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard fought litigation against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).

13.     The Court awards a Service Award in the amount of $2,500.00 each to Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham, payable pursuant to the terms of the Settlement Agreement.

## VII.   RELEASE OF CLAIMS

14.     Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement

15.     Furthermore, all members of the Class who did not validly and timely submit Requests

7

for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

16.     The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17.     The Releases, which are set forth in the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a)     The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements of the Settlement Agreement.

(b)     The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to

protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c)     The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d)     The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18.     Plaintiffs and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII.   NO ADMISSION OF LIABILITY

19.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a)     offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b)     offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c)     offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX.    OTHER PROVISIONS

20.     This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

10

22.     In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

23.     This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE and ORDERED** in Chambers in Miami, Florida, this ____ day of May, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO 1:18-cv-24407-UU

MARCELO PENA,                                        **CLASS ACTION**
individually and on behalf of all others
similarly situated,

*Plaintiff*,                                          **JURY TRIAL DEMANDED**

v.

JOHN C. HEATH, ATTORNEY AT LAW,
PLLC D/B/A LEXINGTON LAW FIRM.,

*Defendant*,

_____/

**[DEFENDANT'S PROPOSED] ORDER GRANTING FINAL APPROVAL TO**
**CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

On _____, 201__, the Court granted preliminary approval to the proposed class action

settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between

Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham

("Plaintiffs"), on behalf of himself and all members of the Settlement Class,[1] and Defendant John C.

Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm ("Defendant") (collectively, the "Parties").

The Court also provisionally certified the Settlement Classes for settlement purposes, approved the

procedure for giving Class Notice to the members of the Settlement Classes, and set a Final Approval

Hearing to take place on _____.

On _____, the Court held a duly noticed Final Approval Hearing to consider: (1)

whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2)

whether a judgment should be entered dismissing the Plaintiffs' Complaint on the merits and with

---

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

1

prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiffs.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

## I.        JURISDICTION OF THE COURT

1.        The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2.        The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.        The Court finds for purposes of settlement only that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims

of Plaintiffs are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiffs have

and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of

entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement

Class Members predominate over any questions affecting any individual Settlement Class Member; (f)

the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for

the fair and efficient adjudication of the controversy.

## II.   CERTIFICATION OF SETTLEMENT CLASS

4.   Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement

Classes, as identified in the Settlement Agreement:

> Settlement Class No. 1: All persons in the United States : (1) who received a telephone call and/or text message from July 12, 2013 to the date of preliminary approval based on information gathered by one or more of the following third-party lead generators - RTK Media, Inc., Capital Leads, LLC, Fluent, LLC, and Credit Sesame, and (2) the telephone call or text message in (1) resulted in a telephone conversation with a representative of Lexington or a text message that referenced "Lexington Law."

> Settlement Class No. 2: All persons in the United States: (1) who had a telephone conversation with a representative of Lexington, from July 12, 2013 to the date of preliminary approval, wherein the Lexington representative obtained a copy of such person's credit report, (2) who did not sign up for Lexington's credit repair services on that phone call, and (3) who did not opt-out of receiving text messages from Lexington.

The Settlement Agreement is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil

Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Classes.  The

Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is

finally approved and shall be consummated in accordance with the terms and provisions thereof, except

as amended or clarified by any subsequent order issued by this Court.

## III.   APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5.      The Court finally appoints Kazerouni Law Group, APC, Hyde & Swigart, Law Offices of Todd M. Friedman, P.C., Hiraldo P.A., Shamis & Gentile, P.A., and Edelsberg Law as Class Counsel for the Settlement Class.

6.      The Court finally designates Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham as the Class Representatives.

## IV.   NOTICE AND CLAIMS PROCESS

7.      The Court makes the following findings on notice to the Settlement Class:

(a)      The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)      The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply

4

fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

(c)     The Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

## V.     FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.     The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI.    ADMINISTRATION OF THE SETTLEMENT

9.     The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.     Upon consideration of Class Counsel's application for fees and costs and other expenses, the Court shall enter a separate Order setting forth the process by which such an award will be calculated and awarding reasonable fees and expenses pursuant to that process.

11.     The Court awards a Service Award in the amount of $2,500.00 each to Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham, payable pursuant to the terms of the Settlement Agreement.

## VII.   RELEASE OF CLAIMS

12.     Upon entry of this Final Approval Order, all members of the Class who did not validly

5

and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement. The Court finds that the persons listed on **Exhibit 1** hereto, and no others, have validly excluded themselves from the Settlement Classes.

13.     Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

14.     The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

15.     The Releases, which are set forth in the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that

term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a)     The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements of the Settlement Agreement.

(b)     The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c)     The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d)     The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

16.     Plaintiffs and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing,

commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII. NO ADMISSION OF LIABILITY

17. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party;

(c) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding; or

8

(d)      offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to establishing the elements of class certification or demonstrating the appropriateness of these or similar claims for class certification.

## IX.      OTHER PROVISIONS

18.      This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.      Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

20.      As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement. In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

21.     This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

22.     Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Settlement Classes for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement, and the parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

22.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

**DONE and ORDERED** in Chambers in Miami, Florida, this _____ day of _____, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

10

# EXHIBIT 5

John C. Heath, Attorney At Law, PLLC
d/b/a Lexington Law Firm Settlement
Administrator XXXXXX

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

## Legal Notice about a Class Action Settlement

<<BARCODE>>

<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CITY, ST, ZIP>>
<<COUNTRY>>

000004/00995239_1

**If You Received an Autodialed Call or a Text Message from John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm, You May Be Entitled to a Payment from a Class Action Settlement**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit alleging that John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm ("Lexington") sent autodialed calls or text messages to wireless telephone numbers without consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Lexington denies the allegations and any wrongdoing. The Court has not decided who is right.

**Who's Included?** The Settlement includes all persons who received a prerecorded ringless voicemail or a text message on their cell phone from Lexington from July 12, 2013, through the date of the entry of an order of preliminary approval by the Court. Specifically, the classes are defined as "Settlement Class No. 1: All persons in the United States : (1) who received a telephone call and/or text message from July 12, 2013 to the date of preliminary approval based on information gathered by one or more of the following third-party lead generators - RTK Media, Inc., Capital Leads, LLC, Fluent, LLC, and Credit Sesame, and (2) the telephone call or text message in (1) resulted in a telephone conversation with a representative of Lexington or a text message that referenced "Lexington Law"; or "Settlement Class No. 2: All persons in the United States: (1) who had a telephone conversation with a representative of Lexington, from July 12, 2013 to the date of preliminary approval, wherein the Lexington representative obtained a copy of such person's credit report, (2) who did not sign up for Lexington's credit repair services on that phone call, and (3) who did not optout of receiving text messages from Lexington." You received this email because records show that you may be a Settlement Class Member.

**What Are the Settlement Terms?** Lexington has agreed to pay class members who submit a valid Claim Form and to pay for notice and administration costs of the Settlement, attorneys' fees and expenses incurred by counsel for the Settlement Class, and service awards for the Plaintiffs. A Settlement Class Member who submits a timely and valid Claim Form will receive a check for $6.15. Only one Claim is allowed per Settlement Class Member.

**How Can I Get a Payment?** To get a payment, you must submit a Claim Form by the deadline stated below. You may download a Claim Form at the Settlement Website, **www.LexLawTCPAsettlement.com** or request a Claim Form by calling the Settlement Administrator at the toll-free number below. To be valid, a Claim Form must be completed fully and accurately, signed under penalty of perjury, and submitted timely. You may submit a Claim Form by U.S. mail, email a Claim Form, or file a Claim Form online. If you send in a Claim Form by U.S. mail, it must be postmarked by xxxxxxxxxx. If you file a Claim Form online, then you must so file by **11:59 p.m. EST on xxxxxxxxxx**.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by xxxxxxxxxx. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website. You may object to the Settlement by xxxxxxxxxx. The Court will hold a Final Approval Hearing on xxxxxxxxxx to consider whether to approve the Settlement, a request for attorneys' fees of $1,450,000.00, and service awards of $2,500 to each Class Representative. You may appear at the hearing, either yourself or through an attorney you hire, but you don't have to. For more information, call or visit the Settlement Website.

\#

000004/00995239_1

# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO 1:18-cv-24407-UU

MARCELO PENA,                                        **CLASS ACTION**
individually and on behalf of all others
similarly situated,

*Plaintiff*,                                         **JURY TRIAL DEMANDED**

v.

JOHN C. HEATH, ATTORNEY AT LAW,
PLLC D/B/A LEXINGTON LAW FIRM.,

*Defendant*,

_____/

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASSES

Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham ("Plaintiffs" or "Class Representatives"), on behalf of themselves and the Settlement Classes, and Defendant John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm ("Defendant" or "Lexington") (together, the "Parties") have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release ("Settlement"). The Parties reached the Settlement through arm's-length negotiations with the help of experienced mediators, Hunter Hughes of Seyfarth Shaw LLP and the Hon. Jay C. Gandhi of JAMS. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed Settlement Classes will fully, finally, and forever resolve, discharge, and release their claims.

The Settlement has been filed with the Court, and Plaintiffs and Class Counsel filed an Unopposed Motion for Preliminary Approval of Class Settlement ("Motion") on May 3, 2019. The Settlement makes $11,450,863 available to the Settlement Classes.

1

Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Classes meet the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representatives and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Classes of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiffs, and their rights to opt-out of the Settlement Classes or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiffs; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a Service Award for Plaintiffs; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.      As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement, the terms of which are incorporated herein in full by reference.

2.      The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

2

3. Venue is proper in this District.

**Provisional Class Certification and Appointment of Class Representatives and Class Counsel**

4. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Classes is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Classes:

> Settlement Class No. 1: All persons in the United States : (1) who received a telephone call and/or text message from July 12, 2013 to the date of preliminary approval based on information gathered by one or more of the following third-party lead generators - RTK Media, Inc., Capital Leads, LLC, Fluent, LLC, and Credit Sesame, and (2) the telephone call or text message in (1) resulted in a telephone conversation with a representative of Lexington or a text message that referenced "Lexington Law."

> Settlement Class No. 2: All persons in the United States: (1) who had a telephone conversation with a representative of Lexington, from July 12, 2013 to the date of preliminary approval, wherein the Lexington representative obtained a copy of such person's credit report, (2) who did not sign up for Lexington's credit repair services on that phone call, and (3) who did not opt-out of receiving text messages from Lexington.

6. Specifically, the Court finds, for settlement purposes only, and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Classes satisfy the following factors of Federal Rule of Civil Procedure 23:

- The Settlement Classes are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

- There are questions of law and fact common to the Settlement Classes, which predominate over any individual questions;

- The claims of the named Plaintiffs are typical of the Settlement Classes;

- Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Classes; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

7. The Court preliminarily appoints Plaintiffs Marcelo Pena, Frank Eisenband, James Lebowitz, Joshua Elser, Craig Cunningham as Class Representatives.

8. The Court preliminarily appoints the following firms as Class Counsel: Kazerouni Law Group, APC, Hyde & Swigart, Law Offices of Todd M. Friedman, P.C., Hiraldo P.A., Shamis & Gentile, P.A., and Edelsberg Law.

9. The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

**Preliminary Approval of the Settlement**

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between

experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11.     The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Classes, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

**Approval of Class Notice and the Claims Process**

12.     The Court approves the form and content of the Class notices, substantially in the forms attached to the Settlement, and the Claim Form attached thereto. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Classes of the pendency of the Action, certification of a Settlement Classes, the terms of the Settlement, Class Counsel's attorney's fees application and the request for Service Award for Plaintiffs, and their rights to opt-out of the Settlement Classes or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

13.     KCC Claims Administration shall serve as the Administrator.

14.     The Administrator shall implement the Class Notice program, as set forth below

5

and in the Settlement, using the Class notices substantially in the forms attached to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Classes pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order. The Class Notice program shall include, to the extent necessary, Mail Notice and Long-Form Notice, as set forth in the Settlement and below.

*E-Mail Notice*

15. The Administrator shall administer E-Mail Notice as set forth in the Settlement. E-Mail Notice shall be completed no later than 60 days after the entry of this order.

*Postcard Notice*

19. The Administrator shall administer Postcard Notice as set forth in the Settlement. Postcard Notice shall be completed no later than 60 days after the entry of this order.

*Publication Notice*

20. The Administrator shall administer Publication Notice as set forth in the Settlement. Publication Notice shall be completed no later than 60 days after the entry of this order.

*Settlement Website*

24. The Administrator shall establish a Settlement Website as a means for Settlement Classes members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Class Notice program. The Settlement Website shall include to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

25. The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

Final Approval Hearing, Opt-Outs, and Objections

26.     A Final Approval Hearing shall be held before this Court on _____ ___, 2019 at ____ __.m. to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a Service Award for the Class Representative should be granted.

27.     Any person within the Settlement Classes who wishes to be excluded from the Settlement Classes may exercise their right to opt-out of the Settlement Classes by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by all those listed in the Long-Form Notice on or before the last day of the Opt-out Period, which is 30 days before the Final Approval Hearing ("Opt-Out Deadline"), and mailed to the addresses indicated in the Long Form Notice, and consistent with all requirements set forth in the Settlement.  Subject to final approval after the Final Approval Hearing, all Class Members who do not request exclusion from the Settlement Classes certified pursuant to Federal Rule of Civil Procedure 23(b)(3) shall be bound by all determinations and judgments in this Lawsuit concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in the Agreement.

28.     Any Settlement Classes member may object to the Settlement, Class Counsel's Fee Application, or the request for a Service Award for Plaintiffs. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and Defendant's Counsel, at the addresses indicated in the Long-Form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than 30 days before the Final Approval Hearing, as set forth in the Notice.  No individual within the Settlement Classes shall be heard, and no objection may be considered, unless the individual serves the objection no later than thirty (30) days before the Final Approval Hearing.  To be valid, an objection must include the following information:

    a.   the name of the Actions;
    b.   the objector's full name, address, and telephone number;

7

c.   an explanation of the basis on which the objector claims to be a Settlement Class Member;

d.   all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e.   the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling on the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.   a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h.   any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i.   the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.   a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.   the objector's signature (an attorney's signature is not sufficient).

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by appeal or other means.

8

**Further Papers in Support of Settlement and Attorney's Fee Application**

29.    Plaintiffs and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and request for a Service Award for Plaintiffs, no later than _____, which is 30 days before the Final Approval Hearing.

30.    Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request a Service Award for Plaintiff no later than _____, which is 15 days before the Final Approval Hearing.

**Effect of Failure to Approve Settlement**

31.    If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)    Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiffs on any point of fact or law; and

(c)    Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

(d)    This Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to the Settlement Classes, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. This Court may approve or modify the Settlement without further notice to the Settlement Classes.

**Stay/Bar of Other Proceedings**

32.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Classes, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

37.     Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date | Date |
|---|---|---|
| Deadline for Completion of Mailed Notice Program | | 60 days after Preliminary Approval |
| Deadline for the Email Notice Program | | 60 days after Preliminary Approval |
| Deadline for filing papers in support of Final Approval of the Settlement | | 30 days prior to the Final Approval Hearing |
| Class Counsel's application for an award of attorneys' fees and expenses | | 30 days prior to the Final Approval Hearing |
| Deadline for opting-out of Settlement and submission of objections | | 30 days prior to the Final Approval Hearing |
| Responses to Objections | | 15 days prior to the Final Approval Hearing |
| The Final Approval Hearing | | |
| The last day that Settlement Class members may submit a Claim Form to the Settlement Administrator. | | 15 days after the Final Approval Hearing |

**DONE and ORDERED** in Chambers in Miami, Florida, this _____ day of May, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

10