UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-24407-UU

MARCELO PENA, *et al.*,

    Plaintiffs,

v.

JOHN C. HEATH, ATTORNEY
AT LAW, PLLC d/b/a LEXINGTON
LAW FIRM,

    Defendant.

                                     /

## ORDER DENYING MOTION TO INTERVENE AND TO STAY

THIS CAUSE comes before the Court on Magistrate Judge O'Sullivan's Report and Recommendation (D.E. 48) (the "Report") as to movant Eugene Rosales' ("Movant") Motion to Intervene and to Stay (D.E. 23) (the "Motion"). D.E. 23.

THE COURT has considered the Report, the Motion, and the pertinent portions of the record and is otherwise fully advised in the premises.

**I.  Background**

Plaintiffs filed the instant putative class action on October 23, 2018. D.E. 1. In the operative Complaint, Plaintiffs assert claims against Defendant for violating the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b) (Count I) and knowingly or willfully violating the TCPA, 47 U.S.C. § 227(b) (Count II). *See* D.E. 22. Plaintiffs' claims arise from "Defendant's unauthorized use of text messages" and "automated and prerecorded telemarketing calls" to consumers. *Id.* ¶ 3.

On April 23, 2019, Movant filed the Motion pursuant to the first-to-file rule. D.E. 23. Movant is the named plaintiff in a putative class action against Defendant filed on March 20, 2017, in the United States District Court for the District of Nebraska. *See Rosales v. John C. Heath*, No.

8:17-cv-00087-RFR-CRZ (D. Neb.) (the "Nebraska Case"). Movant's claims in the Nebraska Case concern only Defendant's alleged unauthorized texting. *See* D.E. 23-2 (Nebraska Case Complaint). However, the instant action differs from the Nebraska Case because Plaintiff's claims here concern both unauthorized texts and automated calls. *Cf.* D.E. 22 ¶ 3. In the Motion, Mr. Rosales seeks to intervene and stay the instant proceedings, arguing that because he filed the first putative class action, making substantially similar claims against the same Defendant in the Nebraska Case, this case is duplicative, a waste of resources, and the result of forum-shopping and manipulation. *See* Mot. at 9–10. The parties oppose the Motion. *See* D.E. 25; D.E. 29.

The parties in the instant action have negotiated a settlement. On May 3, 2019, the plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law, seeking settlement class certification and preliminary approval of the settlement, D.E. 24. Both motions were referred to Magistrate Judge O'Sullivan, who submitted his Reports and Recommendations on same on September 10, 2019. D.E. 48; D.E. 49. The Court has reviewed Magistrate Judge O'Sullivan's Report and Recommendation and approved the Class Action Settlement in its Order Preliminarily Approving Class Settlement, entered concurrently herewith.

## II. <u>Legal Standard</u>

### a. District Court Review of Report and Recommendation

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir.

2009). However, the district court need not review the report and recommendation *de novo* if the parties do not object with specificity. *Macort v. Prem, Inc.*, 208 F.App'x 781, 784 (11th Cir. 2006).

### b. Intervention

Federal Rule of Civil Procedure 24 distinguishes between intervention as of right and permissive intervention. The court must permit a movant to intervene as of right when he:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The court may, in its discretion, permit a movant to intervene when: (1) the intervention is timely; (2) the intervenor has a claim or defense that shares a common question of law or fact with the action; and (3) the intervention will not prejudice the parties to the suit or cause any undue delays. *See* Fed. R. Civ. P. 24(b); *see also Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-CIV, 2009 WL 10667863, at *1 (S.D. Fla. May 14, 2009) ("District courts enjoy substantial discretion to grant intervention under Rule 24(b)."). However, the court also has discretion to deny intervention even if the Rule 24(b) factors are met, and the denial is reviewed for an abuse of discretion. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 712 (11th Cir. 1991).

### c. First-to-File Rule

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)). The

court presiding over the first-filed case generally should decide the case "[i]n the absence of compelling circumstances." *Haydu*, 675 F.2d at 1174.

The "compelling circumstances" exception to the first-to-file rule is significant. After all, the rule is a rule of equity. *Collegiate Licensing Co.*, 713 F.3d at 80. As such, the rule "is not an absolute, mandatory, inflexible requirement. Rather, courts have routinely cautioned against rote, mechanical application of the first-filed rule, and instead weigh the issue in the broader context of the ends of justice." *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1244 (S.D. Ala. 2006) (collecting cases). "Indeed, '[t]he most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts. *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 628 (9th Cir. 1991); *see also Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.,* 16 Fed. Appx. 433, 434 (6th Cir. 2001) ('District courts have the discretion to dispense with the first-to-file rule where equity so demands.')." *Id.* at 1244–45.

### III.   Analysis

In the Report, Magistrate Judge O'Sullivan recommends that the Motion be denied. D.E. 48 at 8. First, Magistrate Judge O'Sullivan assumed without deciding that Movant either does not need to meet the requirements of Rule 24 or has met the requirements for permissive intervention under Rule 24(b). *Id.* at 4. Magistrate Judge O'Sullivan then reasoned that, even if Movant established the elements of the first-to-file rule, compelling circumstances exist to support an exception to the rule. *Id.* Magistrate Judge O'Sullivan stated that compelling circumstances exist where the parties have negotiated a settlement agreement—which the Court has approved in its Order Preliminarily Approving Class Settlement, entered concurrently herewith. *See id.* at 7. Particularly, Magistrate Judge O'Sullivan noted that staying the instant action would be a waste of

judicial resources where the claims of potentially thousands of consumers will be resolved through the settlement, while the Nebraska Case is in the discovery stage and presently has no settlement negotiations. *Id.*

Upon *de novo* review, the Court agrees with Magistrate Judge O'Sullivan's recommendation and concurs in all of his findings. The Court has considered Movant's Objections, D.E. 50, and finds that they were all sufficiently addressed by the Report. Movant does not and cannot contend that he is entitled to intervene as of right. Even if Movant could establish all of the factors for permissive intervention, the Court would exercise its discretion to deny intervention, as it would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Court agrees with Magistrate Judge O'Sullivan's rationale in recommending that the Court so exercise its discretion, *see* Report at 4–5, and finds that Movant's intervention would certainly cause undue delay or prejudice given the pending settlement. The Motion is therefore due to be denied on intervention grounds.

Furthermore, the Court agrees that even if the first-to-file rule ordinarily would apply, the unique circumstances of this case present compelling circumstances to disregard the rule for the sake of equity. As Judge O'Sullivan noted, the parties in the Nebraska Case are in the discovery stage of the litigation and there are presently no settlement negotiations. D.E. 48 at 7. Defense counsel has represented that Defendant would not be interested in a settlement if the settlement could not include both the telephone call class and the text message class—a settlement posture fairly presented in this case but impossible in the Nebraska Case with its putative text-only class. *See id.* at 7–8 & n.3. Applying the first-to-file rule here would run contrary to principles of judicial economy, requiring the Nebraska Case to slog along with no end in sight.

Plaintiff argues that setting aside the first-to-file rule would create a "dangerous precedent" in class action cases, empowering other plaintiffs' lawyers to file their own suits and engage in a "reverse auction" to settle with the defendant for the lowest amount. This fear is unwarranted, at least in the instant case. Movant has not claimed that the instant settlement is unfair in its terms. And as Judge O'Sullivan notes, if the Court does ultimately reject the settlement, the Court could *sua sponte* reevaluate, at that time, whether the first-to-file rule should be applied (as the compelling circumstances would no longer exist). *See* D.E. 48 at 7–8.

**IV.     Conclusion**

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Report, D.E. 48, is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGED that Eugene Rosales' Motion to Intervene and to Stay, D.E. 23, is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf