IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-24407-UU

| | |
|---|---|
| MARCELO PENA,<br>individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN C. HEATH, ATTORNEY AT LAW, PLLC<br>d/b/a LEXINGTON LAW FIRM,<br><br>*Defendant*.<br>_____/ | CLASS ACTION<br><br>JURY TRIAL DEMANDED |

### RENEWED UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND APPLICATION FOR <u>SERVICE AWARD AND ATTORNEYS' FEES</u>

Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 23(e), respectfully renew their unopposed request for final approval of the proposed class settlement, and their request for service award and attorneys' fees, and in support state:

**I.   INTRODUCTION**

Plaintiffs hereby renew their Unopposed Motion for Final Approval of Class Settlement and Application for Service Award, Attorneys' Fees, and Costs, (D.E. 59) (the "Motion"), and respectfully request the Court to reconsider its order denying the Motion. Plaintiffs acknowledge that the Court's denial was warranted, in part due to Plaintiffs' failure to provide the Court with the background and support justifying their counsel's fee request. Indeed, while the instant action is relatively new and few entries are reflected on the docket, the case consists of five actions that were ultimately consolidated for purposes of judicial efficiency. Four of those cases were

1

litigated for several years before being consolidated into this action for purposes of seeking approval of the proposed class-wide settlement. In all, Class Counsel spent 1,393.3 hours litigating these cases which equates to a lodestar of $792,531. As such, Plaintiff's fee request of $1,450,000 is only 12.6% of the fund made available to the Settlement Class, which is well below the Eleventh Circuit benchmark, and a modest 1.83 multiplier on their collective lodestar.

As discussed below and demonstrated by the attached supporting documentation, the proposed settlement is fair and reasonable, and within the bounds of similar types of class actions under the Telephone Consumer Protection Act. Similarly, class counsel's requested fee is reasonable given the amount of work performed by various firms for several years, across a number of different lawsuits. Thus, Plaintiffs respectfully request the Court to enter the attached revised Final Approval Order.

## II. BACKGROUND

On March 31, 2020, this Court held a telephonic fairness hearing on Plaintiffs' Motion. At that hearing, the Court expressed concerns with respect to the proposed terms of the settlement and attorneys' fees requested. During the hearing, the parties and the Court collaborated on revisions to the proposed Final Approval Order to address the Court's concerns regarding the class definitions and release of claims. However, the Court ultimately denied the Motion and entered an order identifying the following issues with the proposed settlement and fee request: (1) "the Court is unpersuaded that the settlement should be approved because the class description, particularly as to Class 2, is overbroad and untethered to the TCPA," (2) "the proposed release language could be construed to bar fraud, unfair trade practice and other non-TCPA claims arising out of calls made by the Defendant," and (3) "the attorneys' fees sought appear to be excessive in relation both to the amount of the anticipated defense pay-out and the

effort expended by plaintiffs' counsel in prosecuting the case and obtaining the settlement." (D.E. 63).

Plaintiffs submit this renewed motion to address the issues identified by this Court at the fairness hearing and in its order. First, as discussed below, the class definition for Settlement Class No. 2 has been amended consistent with the language approved by this Court during the hearing. Second, the release has been amended, consistent with the language approved by this Court at the hearing, to make explicit that Defendant is only released for claims arising under the Telephone Consumer Protection Act. Third, Plaintiffs' counsel submit supplemental briefing regarding their requested fees, the claims-made structure of the settlement and claims rate, as well as their time records for purposes of permitting the Court to conduct a lodestar cross-check to verify the reasonableness of the fee request.

As discussed below, Plaintiffs respectfully submit that the proposed settlement should be approved as fair, adequate and reasonable. Additionally, the requested fees should be approved pursuant to a percentage of the fund analysis, as supported by lodestar cross-check.

### III. PROCEDURAL HISTORY

This case case consists of five (5) actions that were litigated for several years before consolidation into the instant proceeding for purposes of finalizing and seeking approval of a class-wide settlement. The procedural history of those cases is summarized below.

**A.** *Eisenband v. John C. Heath, Attorney at Law, PLLC* **– Case No. 3:17-cv-03404**

On May 12, 2017, Plaintiff Frank Eisenband filed an action against Defendant in the United States District Court District of New Jersey, case number 3:17-cv-03404, alleging violations of the TCPA, and seeking, *inter alia,* monetary damages. Defendant filed its answer on June 9, 2017. Plaintiff Eisenband is being represented by Stephen DeNittis and Ross

Schmierer of DeNittis Osefchen Prince, P.C., Manuel S. Hiraldo of Hiraldo P.A., and Andrew Shamis of Shamis & Gentile, P.A.  The action was litigated and ultimately dismissed on April 15, 2019 so that it could be consolidated into this action.

### B.  *Lebowitz v. John C. Heath, Attorney at Law, PLLC* – Case No. 1:17-cv-10973

On May 26, 2017, Plaintiff James Lebowitz filed litigation against Defendant in the United States Court District of Massachussets, case number 1:17-cv-10973-RGS, alleging violations of the TCPA, and seeking, *inter alia,* monetary damages. This case was transferred to the District of New Jersey on April 30, 2018.  Plaintiff Lebowitz is being represented by Abbas Kazerounian of Kazerouni Law Group, and Stephen DeNittis and Ross Schmierer of DeNittis Osefchen Prince, P.C.  The action was litigated and ultimately dismissed on April 15, 2019 so that it could be consolidated into this action.

### C.  *Cunningham v. John C. Heath, Attorney at Law, PLLC* – Case No. 1:17-cv-00087

On June 1, 2017, Plaintiff Craig Cunningham filed litigation against Defendant in the United States Court District of Utah, case number 1:17-cv-00087, alleging violations of the TCPA, and seeking, *inter alia,* monetary damages.  Plaintiff Cunningham is being represented by Todd Friedman and Adrian Bacon of the Law Offices of Todd M. Friedman, P.C.  The action was litigated and ultimately dismissed on June 10, 2019 so that it could be consolidated into this action.

### D.  *Elser v. John C. Heath, Attorney at Law, PLLC* – Case No. 5:17-cv-00326

On July 12, 2017, Plaintiff Joshua Elser filed litigation against Defendant in the United States Court Middle District of Florida, case number 5:17-cv-00326-BJD-PRL, alleging violations of the TCPA, and seeking, *inter alia,* monetary damages.  Defendant filed its answer

on September 11, 2017. Plaintiff Elser is being represented by Andrew Shamis of Shamis & Gentile, P.A. and Manuel S. Hiraldo of Hiraldo, P.A.  The action was litigated and ultimately dismissed on February 22, 2019.

### E.  *Pena v. John C. Heath, Attorney at Law, PLLC* – Case No. 1:18-cv-24407

On October 23, 2018, Plaintiff Marcelo Pena filed litigation against Defendant before this Honorable Court, alleging violations of the TCPA, and seeking, *inter alia,* monetary damages. Defendant filed its answer on November 14, 2018 and this case was referred to mediation by order of December 28, 2018.  Plaintiff Pena is being represented by Andrew Shamis of Shamis & Gentile, P.A., Manuel S. Hiraldo of Hiraldo, P.A, and Scott Edelsberg of Edelsberg Law, P.A. On April 8, 2019, Plaintiffs filed their First Amended Complaint in the United States District Court for the Southern District of Florida in order to consolidate all of the actions identified above.

## IV.   MEMORANDUM OF LAW

### A. The Settlement Should Be Approved as Fair, Adequate and Reasonable.

#### 1. *All Court Approved Revisions to the Proposed Final Approval Order Have Been Made.*

At the fairness hearing, the Court preliminarily had concerns with respect to the definition of Settlement Class No. 2 because, as worded, it was overbroad and untethered to the TCPA.  As approved by the Court during the hearing, the following highlighted language has been added to the attached proposed Final Approval Order to rectify the issue:

> Settlement Class No. 2: All persons in the United States: (1) ==who received an unsolicited telephone call== from a representative of Lexington, from July 12, 2013 to the date of preliminary approval, wherein the Lexington representative obtained a copy of such person's credit report, (2) who did not sign up for Lexington's credit repair services on that phone call, and (3) who did not opt-out of receiving text messages from Lexington.

Secondly, this Court had concerns with respect to the release being provided to Defendant, particularly because the release could be interpreted as encompassing non-TCPA claims arising out Defendant's calls, including fraud and unfair trade practices claims. As approved by the Court during the fairness hearing, the following highlighted language has been added to paragraphs 14 and 17 of the proposed Final Approval Order, and the stricken language has been removed the proposed order:

>   14.   Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement. ==The Released Claims are limited solely to claims directly arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.==
>
>               *               *               *
>
>   17.   ==The Released Parties are forever released and relinquished from the Released Claims, as that term is defined above and in the Settlement Agreement.== ~~The Releases, which are set forth in the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).~~

~~(a) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements of the Settlement Agreement.~~

~~(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.~~

~~(c) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).~~

~~(d) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.~~

\*   \*   \*

In sum, Plaintiffs submit that the above revisions are consistent with the revisions approved by this Court during the fairness hearing, and that the revisions are sufficient to correct the issues the Court raised with respect to the class definition and scope of the release. Therefore, Plaintiffs respectfully request entry of the attached revised Final Approval Order.

### 2. The Proposed Claims-Made Structure is Appropriate and has Been Approved by the Eleventh Circuit and Courts in this District.

During the fairness hearing, this Court expressed concerns with the claims-made structure of the settlement. As discussed by Class Counsel at the hearing, the Eleventh Circuit and courts within the Eleventh Circuit have held that a claims-made structure is appropriate. *See Braynen v. Nationstar Mortg., LLC,* 2015 U.S. Dist. LEXIS 151744, at *41 (S.D. Fla. Nov. 9, 2015) ("Approving a claims-made structured class settlement, a panel of the Court of Appeals for the Eleventh Circuit recently found that even if 'monetary relief was available to only those class members who submitted claims, the use of a claims process is not inherently suspect.'") (quoting *Poertner v. Gillette Co.*, No. 14-13882, 618 Fed. Appx. 624, 2015 U.S. App. LEXIS 12318, 2015 WL 4310896, at *4 (11th Cir. July 16, 2015); citing *Hall v. Bank of Am., N.A.*, No. 12-cv-22700, 2014 U.S. Dist. LEXIS 177155 (S.D. Fla.); *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 696 (S.D. Fla. 2014)).

Further, requiring a class member to file "a claim form is a reasonable administrative requirement which generally does not impose an undue burden on members of a settlement class." *Braynen,* 2015 U.S. Dist. LEXIS 151744, at *41 (quoting *Hamilton v. SunTrust Mortg, Inc.,* No. 13-60749, 2014 U.S. Dist. LEXIS 154762, 2014 WL 5419507, at *4 (S.D. Fla. Oct. 24, 2014)); *see also Bastian v. United Servs. Auto. Ass'n*, No. 3:13-cv-1454-J-32MCR, 2017 U.S. Dist. LEXIS 180757, at *24 (M.D. Fla. Nov. 1, 2017). Thus, "[t]his Court, along with other judges in this District and elsewhere, hold the view that '"criticism of the claims-made structure'

does 'not impact the fairness, reasonableness, or adequacy of the proposed settlement.'" *Braynen,* 2015 U.S. Dist. LEXIS 151744, at *41 (quoting *Hamilton,* 2014 U.S. Dist. LEXIS 154762) (quoting *Casey v. Citibank, N.A.*, No. 12-820, 2014 U.S. Dist. LEXIS 156553, 2014 WL 4120599, at *2 (N.D.N.Y. Aug. 21, 2014)).

Here, the claims-made process is appropriate for the class settlement because it allows for only the aggrieved parties to receive relief. It further prevents fraud and invalid claims. The process was fair and diligent attempts were made to contact the class members.

### 3. *The Anticipated Claims Rate is Common and Acceptable.*

Pursuant to the Court's Preliminary Approval Order, (D.E. 56), the claims period will remain open until May 4, 2020. The most recent claims report provided by the claims administrator, dated April 9, 2020, reflects a current claims rate of 1.5%. *See* Declaration of Abbas Kazerounian, attached as Exhibit 1, at ¶9. Thus, is it reasonable to assume that the final claims rate will fall somewhere between 1.6 % and 2%.

"Courts in this Circuit have approved claims-made class settlements where the claims rate was low, including approving single-digit claims rates." *Braynen,* 2015 U.S. Dist. LEXIS 151744, at *48 (citing *Poertner v. Gillette Co.*, 618 F. App'x 624 (11th Cir. 2015) (noting that a "claims-made settlement is . . . the functional equivalent of a common fund settlement where the unclaimed funds revert to the defendant" and approving 7.26 million-member settlement class when just 55,346 -- less than 1% -- filed claims); *Saccoccio*, 297 F.R.D. at 696; *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1382 (S.D. Fla. 2007) (approving 10.3 million-member settlement class when less than 119,000-- approximately 1.1% -- filed claims)). Single-digit claims rate also are routinely approved outside this Circuit. *See, e.g., In re Online DVDRental Antitrust Litig.,* 779 F.3d 934, 944-45 (9th Cir. 2015) (approving 35 million-member settlement class when only

1.183 million -- less than 4% -- filed claims); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 329 n.60 (3d Cir. 2011) (*en banc*) (noting evidence that claims rates in consumer class settlements "rarely" exceed 7%, "even with the most extensive notice campaigns").

"Perhaps there could have been an even more creative settlement or, alternatively, one that is more traditional. But that is not the question we must resolve." *Uhl v. Thoroughbred Tech. & Telecommc'ns, Inc.*, 309 F.3d 978, 987 (7th Cir. 2002). After all, "whether another team of negotiators might have accomplished a better settlement is a matter equally comprised of conjecture and irrelevance." *In Re Corrugated Container Antitrust Litigation*, 643 F.2d at 212 (5th Cir. 1981). "'While a direct payment structure would obviously result in more, and possibly all, class members receiving a share of the monetary relief in the settlement, there is no reason to believe the defendants would agree to such terms' and, in any event, the Court 'does not have the authority to impose a preferred payment structure upon the settling parties.'" *Fladell v. Wells Fargo Bank, N.A.,* No. 13-cv-60721, 2014 U.S. Dist. LEXIS 156307, at *4 (S.D. Fla. 2014) (quoting *Casey*, 2014 WL 4120599, at *2-3).

The claims rate in the instant case is presently 1.5%, with another three weeks remaining in the claims period. This rate falls well within the range of what courts have determined to be reasonable in the Eleventh Circuit as well as other circuits. More than 35,379 consumers have made claims so far. The parties believe this to be a successful result based on the benchmarks set in previous class action settlements. Therefore, Plaintiffs request the Court approve the claims-made process considering the acceptance rate falls within what previous Courts have found to be reasonable.

### B. Class Counsel Should be Awarded the Requested Fee.

#### 1. *The "Percentage of the Fund" Method is the Appropriate Basis for Awarding Attorneys' Fees in the Eleventh Circuit*.

"[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). In the Eleventh Circuit, "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991); *see also In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1358 (S.D. Fla. 2011). This approach is appropriate because it encourages counsel to obtain the maximum recovery at the earliest possible stage of the litigation and, hence, most fairly correlates plaintiffs' counsel's compensation to the benefit achieved for the class. There is no "hard and fast" rule dictating what constitutes a reasonable percentage of the recovery to award "because the amount of any fee must be determined upon the facts of each case." *Camden*, 946 F.2d at 775. Additionally, the Eleventh Circuit has applied this percentage-based approach to "claims-made settlements," noting that a "claims-made settlement is . . . the functional equivalent of a common fund settlement where the unclaimed funds revert to the defendant." *Poertner*, at *34 (S.D. Fla. Nov. 15, 2019) (same).

In the Eleventh Circuit, "it is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to attorneys' fees based upon the benefit obtained." *Gevaerts v. TD Bank, N.A.*, No. 14-cv-20744, 2015 U.S. Dist. LEXIS 150354, 2015 WL 6751061, at *10 (S.D. Fla. Nov. 5, 2015) (citing *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) [*Camden I*]). In *Camden I*, the Eleventh Circuit held that "the percentage of the fund approach [as opposed to the lodestar approach] is the better reasoned in a

11

common fund case. Henceforth in this Circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Id.* (quoting *Camden I*, 946 F.2d at 774). The Eleventh Circuit has applied this percentage-based approach to "claims-made settlements," noting that a "claims-made settlement is . . . the functional equivalent of a common fund settlement where the unclaimed funds revert to the defendant." *Poertner v. Gillette Co.*, 618 Fed. Appx. 624, 628 n.2 (11th Cir. 2015). As such, Plaintiff's request for 12.6% of the amount made available to class is reasonable.

### 2. *A Lodestar Cross-Check Demonstrates That the Requested Fee is Reasonable and Appropriate.*

While not required in the Eleventh Circuit, an analysis of the requested fee under the "lodestar/multiplier" approach further supports the reasonableness of Class Counsel's fee request. *See Thorpe v. Walter Inv. Mgmt. Corp.*, No. 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 144133, at *34 (S.D. Fla. Oct. 14, 2016) (finding 1/3 of the settlement fund a reasonable award after conducting a lodestar cross check). Here, Class Counsel devoted significant time and resources to researching, investigating, and prosecuting five cases. By the time the Settlement was reached, Class Counsel had: (a) investigated the factual circumstances underlying the claims against Defendant; (b) defeated initial motions filed by Defendant; (c) engaged in extensive document discovery; (d) prepared mediation statements and participated in two all-day mediations; (e) successfully opposed a motion to intervene; and (f) negotiated the specific terms of the Settlement.

Federal Rule of Civil Procedure 23 permits a court to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Various courts have determined that even non-class counsel can be entitled to attorneys' fees. *See, e.g., Stetson*, 821 F.3d at 1163-65 (9th Cir.

12

2016) (indicating that an objector can be entitled to attorneys' fees in a class action); *In re Cendant Corp. Sec. Litig.,* 404 F.3d 173, 191 (3d Cir. 2005) (concluding that an attorney who "creates a substantial benefit for the class" can be "entitled to compensation whether or not chosen as lead counsel").

Here, Class Counsel were instrumental in litigating all five cases to achieve a settlement before the cases were consolidated. Class Counsel created a substantial benefit for the Class as a result of the pre-consolidation work completed on the case. Class Counsel expended 1,393.3 hours with a lodestar of $792,531, at current billing rates, reflecting a multiplier of 1.83. Attached are the following declarations and supporting time sheets for each law firm involved in the various cases that were ultimately consolidated and settled in this action:

| **Exhibit Number** | **Law Firm** | **Total Hours** | **Total Fees** |
|---|---|---|---|
| 1 | Kazerouni Law Group | 379.9 | $210,871.00 |
| 2 | Law Offices of Todd M. Friedman, P.C. | 154.2 | $100,212.50 |
| 3 | Lemberg Law, LLC | 216.5 | $98,872.50 |
| 4 | Hiraldo P.A. | 156.9 | $101,985.00 |
| 5 | DeNittis Osefchen Prince, P.C. | 268 | $160,800.00 |
| 6 | Shamis & Gentile, P.A. | 151.8 | $83,490.00 |
| 7 | Edelsberg Law, P.A. | 66 | $36,300.00 |
| **TOTAL** | | 1,393.3 | $792,531.00 |

The 1.83 multiplier requested here is within the range of multipliers frequently awarded in class action settlements within the Eleventh Circuit. *See Jimenez v. Pizzerias, LLC*, No. 1:16-CV-22035-KMM, 2017 U.S. Dist. LEXIS 129820, at *14 (S.D. Fla. Aug. 14, 2017) (finding a multiplier of 2-3 times lodestar typical in class actions); *Martin v. Global Marketing Research*

*Servs., Inc.*, 2016 U.S. Dist. LEXIS 164770, 2016 WL 6996118, at *2 (M.D. Fla., Nov. 30, 2016) (same); *Thorpe*, No. 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 144133, at *35 (S.D. Fla. Oct. 14, 2016) (finding a 3.58 multiplier reasonable). As such, the time and labor expended by Class Counsel justify the fee requested.

## V.     CONCLUSION

Plaintiff and Class Counsel respectfully request that this Court: (1) grant Final Approval to the Settlement and enter the attached proposed Final Approval Order; (2) certify for settlement purposes the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e); (3) appoint Plaintiffs as Class Representatives; (4) appoint as Class Counsel the law firms and attorneys listed in paragraph I.I. of the Agreement; (5) approve the requested Service Award in the amount of $2,500 for each Class Representative; (6) award Class Counsel attorneys' fees in the amount of $1,450,000; and (7) enter Final Judgment dismissing the Action with prejudice.

### CERTIFICATE OF GOOD FAITH CONFERRAL

The undersigned attorney, in compliance with S.D. Local Rule 7.1(a)(3), certifies that the movant has conferred with counsel for Defendant, and that Defendant does <u>not</u> oppose the motion.

Dated: April 10, 2020

Respectfully submitted,

| | |
|---|---|
| **EDELSBERG LAW, PA** | **SHAMIS & GENTILE, P.A.** |
| Scott Edelsberg, Esq. | Andrew J. Shamis |
| Florida Bar No. 0100537 | Florida Bar No. 101754 |
| scott@edelsberglaw.com | ashamis@shamisgentile.com |
| 19495 Biscayne Blvd #607 | 14 NE 1st Avenue, Suite 400 |
| Aventura, FL 33180 | Miami, Florida 33132 |
| Telephone: 305-975-3320 | (t) (305) 479-2299 |
| | (f) (786) 623-0915 |

| | |
|---|---|
| **HIRALDO P.A.** | **KAZEROUNI LAW GROUP** |
| | Abbas Kazerounian, Esq. (Admitted Pro Hac Vice) |
| */s/ Manuel S. Hiraldo* | ak@kazlg.com |
| Manuel S. Hiraldo, Esq. | 245 Fischer Ave., Suite D1 |
| Florida Bar No. 030380 | Costa Mesa, CA 92626 |
| 401 E. Las Olas Boulevard | Telephone: (800) 400-6808 |
| Suite 1400 | Facsimile: (800) 520-5523 |
| Ft. Lauderdale, Florida 33301 | |
| mhiraldo@hiraldolaw.com | |
| (t) 954.400.4713 | |

**Denittis Osefchen Prince**
Ross H. Schmierer
Five Greentree Centre, Suite 410
525 Route 73 N.
Marlton, NJ 08053
Telephone: (856) 797-9951
Facsimile: (856) 797-9978