**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO 1:18-cv-24407-UU

MARCELO PENA, *et al.*,

    Plaintiffs,

v.

JOHN C. HEATH, ATTORNEY AT LAW,
PLLC D/B/A LEXINGTON LAW FIRM.,

    Defendant,

_____/

**ORDER GRANTING FINAL APPROVAL TO**
**CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

On November 27, 2019, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham ("Plaintiffs"), on behalf of himself and all members of the Settlement Class **as modified herein**,[1] and Defendant John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm ("Defendant") (collectively, the "Parties"). D.E. 56, *corrected by* D.E. 57.  The Court also provisionally certified the Settlement Classes for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Classes, and set a Final Approval Hearing to take place on March 31, 2020. *Id.*

---

[1] Unless otherwise defined or modified in this Order, capitalized terms herein have the definitions found in the Settlement Agreement.

On March 31, 2020, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Plaintiffs' Complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiffs.

The Court did not grant final approval on March 31, 2020, and raised several areas of concerns as detailed in the Court's Order, D.E. 63, denying the Motion for Final Approval. On April 10, 2020, the Plaintiffs renewed their Motion for Final Approval, addressing **some of** the issues raised by the Court in its Order, D.E. 67. Accordingly, **the Motion, D.E. 67, is hereby GRANTED IN PART WITH RULING RESERVED IN PART**, pursuant to the findings and terms set forth below. **NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

I.   **JURISDICTION OF THE COURT**

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties

had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.  The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.   CERTIFICATION OF SETTLEMENT CLASS

4.  Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Classes, as identified in the Settlement Agreement:

> Settlement Class No. 1: All persons in the United States: (1) who received a telephone call and/or text message from July 12, 2013 to the date of preliminary approval based on information gathered by one or more of the following third-party lead generators - RTK Media, Inc., Capital Leads, LLC, Fluent, LLC, and Credit Sesame, and (2) the telephone call or text message in (1) resulted in a telephone conversation with a representative of Lexington or a text message that referenced "Lexington Law."
>
> Settlement Class No. 2: All persons in the United States: (1) who **received an unsolicited telephone call** from a representative of Lexington, from July 12, 2013 to the date of preliminary approval, wherein the Lexington representative obtained a copy of such person's credit report, (2) who did not sign up for Lexington's credit

repair services on that phone call, and (3) who did not opt-out of receiving text messages from Lexington.

### III.  APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5.   The Court finally appoints Kazerouni Law Group, APC, Hyde & Swigart, Law Offices of Todd M. Friedman, P.C., Hiraldo P.A., Shamis & Gentile, P.A., DeNittis Osefchen Prince, P.C. and Edelsberg Law as Class Counsel for the Settlement Class.

6.   The Court finally designates Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham as the Class Representatives.

### IV.  NOTICE AND CLAIMS PROCESS

7.   The Court makes the following findings on notice to the Settlement Class:

(a)   The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)   The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due,

adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

## V.     FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.     The Settlement Agreement, except for the amount of Plaintiffs' attorneys fees, is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, other than relating to attorneys fees, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.  **This approval, however, leaves open the Court's forthcoming decision on Class Counsel's request for attorneys' fees—which decision, pursuant to the Settlement Agreement § III.D.2, will not affect the effectiveness or enforceability of the Settlement.**

## VI.    ADMINISTRATION OF THE SETTLEMENT

9.     The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.    The Court hereby **reserves ruling** on Class Counsel's request for attorneys' fees. **However, the Court grants Class Counsel's request for costs as follows: Kazerouni Law Group is entitled to $34,159.03 in costs (D.E. 67-1 ¶ 13); Law Offices of Todd M. Friedman, P.C. is entitled to $500.00 in costs (D.E. 67-2 ¶ 15); and Edelsberg Law is entitled to $970.00 in costs (D.E. 67-7 ¶ 11).**

13.     The Court awards a Service Award in the amount of $2,500.00 each to Plaintiffs James Lebowitz, Frank Eisenband, Joshua Elser, Marcelo Pena, and Craig Cunningham, payable pursuant to the terms of the Settlement Agreement.

## VII.    RELEASE OF CLAIMS

14.     Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement, **except that the Released Claims are limited solely to claims directly arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.**

15.     Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

16.     The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17. The Released Parties are forever released and relinquished from the Released Claims, as that term is defined above and in the Settlement Agreement **as modified in paragraph 14 of this Order.**

18. Plaintiffs and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII. NO ADMISSION OF LIABILITY

19. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX.     OTHER PROVISIONS

20. This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22. In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

23. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein **and upon further ruling by the Court**.

**THE CLERK OF COURT SHALL ADMINISTRATIVELY CLOSE THIS CASE.**

DONE and ORDERED in Chambers in Miami, Florida, this _15th___ day of April, 2020.

*/s/ Ursula Ungaro*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record