**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO 1:18-cv-24407-UU

MARCELO PENA, *et al.*,

    Plaintiffs,

v.

JOHN C. HEATH, ATTORNEY AT LAW,
PLLC D/B/A LEXINGTON LAW FIRM.,

    Defendant,

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court upon Class Counsel's request for attorneys' fees as set forth in their renewed Motion for Final Approval, D.E. 67 (the "Renewed Motion"). The Court has considered the Renewed Motion and the pertinent parts of the record and is otherwise fully advised in the premises.

Pursuant to the parties' Settlement Agreement (D.E. 59-1), a "Settlement Fund" was created from which the Claim Settlement Payments and all settlement costs will be paid. *Id.* § I.MM. "Claim Settlement Payments" are payments to be made to a Settlement Class Member who submits a valid and timely Claim Form to the Administrator, and who qualifies for such relief under the Settlement Agreement. *Id.* § I.H. Claim Settlement Payments are made from the "Settlement Award." *Id.* § III.B.1. The term "Settlement Award" "means the total aggregate Class Benefit[1] amount that Lexington has agreed that it or its insurer will make available—which shall not exceed Eleven Million Four Hundred Fifty Thousand Eight Hundred Sixty-Three Dollars and Zero Cents ($11,450,863.00)—to cover the

---

[1] The term "Class Benefit" is not defined in the Settlement Agreement.

Claim Settlement Payments." *Id.* § I.LL. Thus, under the terms of the Settlement Agreement, the "Settlement Fund" is, at most, $11,450,863.00, which shall be used for Claims Settlement Payments and settlement costs only—that is to say, any award of attorneys' fees to Class Counsel will not be paid from the "Settlement Fund."

To the contrary, the Settlement Agreement contemplates any attorneys' fee award to be separate and distinct from the Settlement Funds available to class members. The Settlement Agreement provides, in relevant part:

> Class Counsel will request, and Lexington will not oppose, an award of Attorneys' Fees and Expenses not to exceed [$1,450,000.00]. ... Court approval of Attorneys' Fees and Expenses will not be a condition of the Settlement. ... [T]his Settlement is not dependent or conditioned upon the Court's approving Plaintiffs' request for such payments or awarding the particular amount sought by Plaintiff. In the event the Court declines Plaintiffs' request or awards less than the amount sought, this Settlement shall continue to be effective and enforceable by the Parties.

*Id.* § III.D.2.

In the recent published opinion, *In re Home Depot Inc.*, 931 F.3d 1065 (11th Cir. 2019), the Eleventh Circuit explained that in class actions, "[c]ourts calculate attorney's fees using one of two methods: the percentage method or the lodestar method." *Id.* at 1076. A threshold inquiry, however, is "whether [a case] is a common-fund or fee-shifting case" because "[d]ifferent rules and principles govern common-fund cases and fee-shifting cases." *Id.* at 1078. "[T]he key distinction between common-fund and fee-shifting cases is whether the attorney's fees are paid by the client (as in common-fund cases) or by the other party (as in fee-shifting cases)." *Id.* at 1079. The case in *Home Depot* was a contractual fee-shifting case because, under the class settlement agreement, it was clear that the defendant "Home Depot will pay the attorney's fees, and that payment will not come out of the class fund." *Id.* at 1080. The Eleventh Circuit noted that "[i]n statutory fee-shifting cases, the Supreme Court has said that courts should use the lodestar method." *Id.* at 1081 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). The appropriate method for contractual fee-shifting cases, however, "is not

clearly governed by any binding precedent." *Id.* at 1082. Nor did the Eleventh Circuit decide which method the district court should have used: both parties had agreed to the lodestar method, so the Court did not question it. *Id.* Significantly, however, the Court found that the court erred in applying a 1.3 multiplier to the lodestar based on risk—pointing out that "[t]here is a strong presumption that the lodestar yields a reasonable fee" without the need for any multiplier. *Id.*; *see also id.* at 1082–86 (explaining why lodestar enhancement for risk in contractual fee-shifting cases is inappropriate).

In the present case, Class Counsel requests a total award, inclusive of both fees and costs, of $1,450,000.00. Class Counsel argues in its Renewed Motion that this amount is appropriate under the percentage method because the requested fee is only 12.6% of the Settlement Fund. Further, Class Counsel argues that a lodestar cross-check supports the requested fee award because the fee would be "a modest 1.83 multiplier on their collective lodestar" of $792,531.00.[2]

This Court is inclined to find that the Settlement Agreement here is a fee-shifting one, such that the parties' proposed percentage-method-with-a-lodestar-crosscheck is not the appropriate method for evaluating Class Counsel's fee request. Even if it were the appropriate method, the Court is concerned about the large discrepancy in the purported lodestar cross-check. The Court also is concerned with the failure of Plaintiffs' counsel to address many of the factors that the Court must consider in determining reasonable attorneys' fees, including but not limited to awards in similar cases where class members received nominal compensation. *See Home Depot,* 931 F.3d at 1083. Accordingly, it is hereby

ORDERED AND ADJUDGED that, **on or before April 30, 2020**, Class Counsel SHALL submit a supplemental memorandum, not to exceed ten (10) pages in length, explaining why their fee request (and the methods applied in the Renewed Motion) are appropriate in

---

[2] Class Counsel's purported lodestar calculation is based on their time entries and self-assigned rates, and their cross-check analysis does not contain any real analysis (beyond parroting that other class action settlement awards have included higher multipliers) to explain why any multiplier would be warranted. *See Home Depot*, 931 F.3d at 1082–86, 1090–91.

light of *Home Depot.* Alternatively, Class Counsel may file a stipulation that their calculated lodestar, $792,531.00, is the appropriate amount of attorneys' fees to award under the circumstances. **Failure to comply with this Order will result in no award of attorneys' fees to Class Counsel.**

DONE and ORDERED in Chambers in Miami, Florida, this _15th___ day of April, 2020.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record